| 76 | 753 |
| 88 | 740 |
| 76 | 753 |
| 96 | 609 |

## Staunton.

### PHILIP HANSUCKER ET ALS. V. WALKER ET ALS.

#### October 16, 1882.

1. JUDICIAL SALES—*Upset bid.*—No fixed rule can be laid down as to the amount of an upset bid which will set aside a sale; but confirmation must depend on the facts of each case.

2. IDEM.—For principles applicable to confirming or setting aside sales, see *Brock* v. *Rice*, 27 Gratt. 812; *Roudabush* v. *Miller*, 32 Gratt. 454; *Berlin* v. *Melhorn*, 1 Matthews, 639.

3. IDEM.—On creditor's bill to enforce judgment and trust liens, sale is decreed to be made by three commissioners substituted for original sole trustee; no day is given debtor for redemption; sale is made by two of the three, but in these respects not excepted to below.

HELD:

    The objections to the sale on those grounds are not well taken.

4. IDEM.—But the sale being for a price reported by the commissioners of sale and by the commissioner of account, and certified by three adjacent land owners, as much below the actual value of the land, and there being a well secured upset bid of ten per cent.—

HELD:

    The sale ought to have been set aside for inadequacy of price and a resale ordered.

5. COMMISSIONER'S REPORT—*Usurious interest.*—From face of report usurious interest was paid; no exception when report was adopted; afterwards exception was endorsed, but attention of court not called thereto.

HELD:

    The decree cannot be reversed on that ground, but on other grounds being remanded, the court below can disallow the usurious interest and apply excess as a credit to the debt, in conformity with *Moseley* v. *Brown*, *supra*, p. 419.

Appeal from decree of circuit court of Clarke county, in suit of Baker & Bros. *v.* Philip Hansucker *et als.*, to sell land to satisfy judgment and trust liens. Three joint trustees were substituted for the original sole trustee, and decreed

to make sale, without giving the debtor a day for redemption. Two of them made and reported the sale. Hansucker and Baker & Bros. excepted to confirmation of sale, because of the inadequacy of the price. The circuit court overruled the exceptions, and confirmed sale by its decree on 27th January, 1882, and Hansucker and Baker & Bros. appealed.

The facts are fully stated in the opinion of the court.

*Dandridge & Pendleton* and *M. McCormick,* for the appellants.

1. To the usury patent on the report no exception was needed below, and it is available here. *Walker* v. *Walker,* 2 Wash. 198; *White's Ex'or* v. *Johnson,* 2 Mun. 285; *Witt's Adm'r* v. *Dunn,* 5 Gratt. 384; *French* v. *Townes,* 10 Gratt. 513; *Cole's Com.* v. *Cole's Adm'r,* 28 Gratt. 365.

2. No day for payment given debtor by decree of sale. It is conceded (*Kyles* v. *Tait's Adm'r,* 6 Gratt. 44), day to pay must be given when sale is to satisfy vendor's lien or mortgage, but denied when sale is to satisfy judgment or trust deed. Where is the difference in principle? See *Gross* v. *Pearcy,* 2 P. & H. 483. If appellant must prove injury from want of day, the record shows the injury, In West Virginia this has been lately adjudicated. *Robner* v. *Travis,* 11 West Va.

3. Three trustees were decreed to sell; only two acted. True, sale was not excepted to on this ground; but the fact was patent on the report and decree. This was error sufficient for reversal. 2 Patt. & H. 483; *Johnson* v. *Thompson,* 5 Call. 248; *Deneale* v. *Morgan,* 5 Call. 407; *Grœme* v. *Cullen,* 23 Gratt. 257. Code, ch. 15, § 19, relates only to persons acting under "laws," or "statutes." See 12 Gratt. 303.

4. The price was clearly inadequate, and it was error to confirm the sale. *Teel* v. *Yancy,* 23 Gratt. 691.

*Holmes Conrad* and *A. R. Pendleton,* for appellees.

STAPLES, J., delivered the opinion of the court.

The court is of opinion that the sale of the land in the bill and proceedings mentioned ought to be set aside and a resale ordered. The commissioners, in their report of the sale, say the sale is believed to be much below its value. The commissioner in chancery, to whom the matter of taking the accounts was referred, reports the land as worth $4.50 more per acre than the price for which it was sold, making a difference of more than $800. In an affidavit given by three of the adjoining land-holders, it is stated that the tract is worth $32.50 per acre, which is $12 in excess of the price it commanded at the commissioner's sale. It seems also, that an upset bid of ten per cent. was made by a responsible party with good and sufficient security. Against these facts there is not a scintilla of opposing testimony. It does not appear that the purchaser at the sale is insisting on its confirmation. So far as the record discloses, he was not represented by counsel in the court below. Nor is he here insisting on the affirmance of the decree.

The only persons demanding a confirmation of the sale, are certain lien creditors whose debts are well secured, and who would not have been prejudiced by a resale. It is impossible to resist the conclusion that the property was sold at a grossly inadequate price, and that a resale is necessary in justice to the rights of the debtor and the junior creditors.

This court is therefore of opinion that the circuit court ought not to have confirmed the sale reported by the commissioners, but, instead, ought to have directed a resale of the land upon such terms as it might deem just and proper under all the circumstances.

The principles which control the court in setting aside

or affirming judicial sales, have been the subject of repeated adjudication by this court, and all that is necessary is to refer to some of the decisions bearing upon the subject. *Brock* v. *Rice,* 27 Gratt. 812; *Roudabush* v. *Miller,* 32 Gratt, 454; *Berlin* v. *Melhorn,* 1 Matthews, 639.

In most of the cases the controversy has been between the purchaser at the sale on the one hand, and parties interested in the land on the other. And the court has sometimes refused to interfere with the sale, unless upon a very substantial upset bid.

But it has repeatedly declared that no fixed rule can be laid down on the suject, and whether it will confirm or set aside a sale must depend upon the circumstances of each particular case.

The court is further of opinion that the appellant, Hansucker, in pursuance of a contract entered into with Mrs. Lucinda Briggs and others, paid upon the debt due them with interest at the rate of eight per cent. per annum from the first of October, 1876, to the first of October, 1879.

This fact is stated on the face of the commissioner's report, and although at the time that report was adopted no exception was taken to the allowance of the usurious interest, yet it seems an exception was afterwards endorsed on the report making such objection.

It does not appear, however, that this exception was ever called to the attention of the court below, or of any of the counsel. This court cannot therefore reverse the decree upon that ground. Inasmuch, however, as the decree must be reversed for other reasons, and the cause remanded for further proceedings, the circuit court can then pass upon the exception, disallow the usurious interest, and apply such excess as a credit upon the debt, in conformity with the decisions of this court in *Mosely, Trustee,* v. *Brown et als.,* reported in the September number of the Virginia Law Journal, 1882, p. 568, and also *supra* p. 419.

In that case, Judge Burks delivering the opinion, it was held that the lender was only entitled to his debt with legal interest, and any excess above that rate, must be applied as a credit to the extinguishment *pro tanto* of the principal.

The court is further of opinion that the other objections made in the petition for an appeal are not well taken, and were properly disregarded by the circuit court. But, for the errors already mentioned, the said decree must be reversed and annulled, and the cause remanded to the circuit court, there to be proceeded with in conformity with the views here expressed.

DECREE REVERSED.