*Wytheville.*

## COLES' HEIRS v. COLES' EX'OR AND ALS.

### JUNE 23rd, 1887.

1. JUDICIAL SALES—*Inadequacy of price*.—Whilst no test of adequacy applies to all cases, and this court is averse to refusing to confirm a sale on the mere ground of inadequacy, yet it will always do so where the inadequacy is so gross as to amount to a sacrifice of the property.
2. IDEM—*Upset bids—Case at bar*.—Ordinarily a sale will be set aside and the biddings re-opened at any time before confirmation, upon the offer of a substantial upset bid. In this case the upset bid was improperly rejected.

Appeal from decree of circuit court of Roanoke county,. rendered sixth October, 1886, in the cause of Coles' Executor against Coles' Heirs. The decree rejected the upset bid of Cuthbert Powell, overruled his objections to the sale of the land to J. C. Terry and J. M. Terry at $3,810 as· a grossly inadequate price, and confirmed said sale; and said Powell and L. C. Powell, his wife, and Mrs. E. D. Withers obtained an appeal and *supersedeas*. Opinion states the case.

*Penn & Cocke*, for the appellants.

*G. W. & L. C. Hansbrough*, for the appellee, J. C. Terry..

HINTON, J., delivered the opinion of the court.

This is the sequel of the case of *Terry* v. *Coles' Ex'or et als.*, reported in 80 Va. R. 695.

On the former appeal the two questions decided by the·

court were : first, that the sale which the circuit court had refused to confirm, having been made by a court of competent jurisdiction in a pending suit, although the court's agent was the executor, was a judicial sale ; and, second, that the court had exercised a sound legal discretion in refusing to confirm that sale, which was in other respects fair, because $6,000, the sum bid, was proven to be grossly inadequate.

When the case went back, the same tract of land was, on the sixteenth day of October, 1886, again exposed to sale in separate tracts or parcels, when two parcels were cried out to I. H. Carrington, three parcels to J. M. Terry, and the other parcels to J. C. Terry. Subsequently, I. H. Carrington having transferred his bids to J. C. Terry, the entire tract was reported to court as sold to J. C. Terry and J. M. Terry for the sum of $3,810. Whereupon and before the sale was confirmed the report was excepted to by Mrs. E. D. Withers, the residuary legatee, because the executor had failed to comply with that part of the advertisement which said that the land would be offered as an entire tract as well as in separate parcels, and because of the inadequacy of the price. At the same time Cuthbert Powell, another of the appellants and the husband of L. C. Powell, a legatee, filed an upset bid of thirty per cent. advance upon each separate tract, and an advance of about thirty-three and one-third per cent. upon the entire tract.

The court, however, rejected the upset bid, overruled the exceptions to the sale and confirmed the same, and thereupon Mrs. Withers and Cuthbert Powell and L. C. Powell, his wife, were allowed this appeal.

It is insisted, on behalf of the appellants, that the court ought to have refused to confirm the sale, because the price was wholly inadequate. On the other hand, it is argued, and with equal earnestness, that conceding what is denied, that the price was inadequate, that it is settled

that mere inadequacy of price is not a sufficient ground for setting aside a sale; and in support of this contention the appellees cite the cases of *Effinger* v. *Ralston*, 21 Gratt. 430; *Curtis* v. *Thompson*, 29 Gratt. 477; *Brock* v. *Rice*, 27 Gratt. 816; *Roudabush* v. *Miller*, 32 Gratt. 462.

Now, in discussing this subject, it should be borne in mind, as was said by Staples, J., in *Brock* v. *Rice, supra,* that all the authorities agree that there is a wide dis- tinction between an application to set aside a sale after it has been approved by the court, and an application to with- hold a confirmation. For a decree of confirmation, like any other judgment of a court, determines the rights of the parties and renders the contract, which up to that time was incomplete, complete, and accordingly we find it laid down—as we would naturally expect to find it—that a judicial sale, after it has been confirmed by the court which ordered it, "will not be set aside except for fraud, mistake, surprise, or *other cause for which equity would give like relief* if the sale had been made by the parties in interest instead of by the court." *Berlin* v. *Melhorn*, 75 Va. 639. But that before confirmation the contract is generally regarded as incomplete and entirely within the control of the court, and the bidder as one who has made a mere offer of purchase to the court through the medium of its agent, the commissioner, which offer the court, in the exercise of a sound judicial discretion, and having regard to the interest of the parties and the fairness and stability of judical sales, may accept or reject as the cir- cumstances of the particular case may seem to demand.

With these preliminary remarks, I proceed briefly to review the cases, in order to determine what is the actual state of the law in this State on this subject at this time. I desire to observe, however, in passing, that a motion to the court to refuse a confirmation of sale because of a material advance in the shape of an upset bid stands upon

a different and stronger footing than an application to the court to refuse confirmation for mere inadequacy of consideration, and that this difference seems not always to have been kept in view in the adjudged cases.

In *Effinger* v. *Ralston*, 21 Gratt. 433, objection was made to the confirmation of the sale because of the inadequacy of the price, when it was decreed that the sale should stand confirmed unless Effinger should file with the clerk of the court bond, with good security, in the penalty of $15,000, conditioned that at the next offer of the land for sale he would bid *five per cent.* more than the commissioner had sold the land for, including costs of said sale. In this case Moncure, P., said: "To induce a court to set aside a sale fairly made in pursuance of a decree, merely upon the ground of inadequacy of price, there ought to be a decided preponderance of evidence of such inadequacy, even if it be conceded that mere inadequacy of price is in itself a sufficient ground for setting aside such a sale." Thus intimating that it was, in his opinion, doubtful whether inadequacy of price alone was a sufficient reason for setting aside a judicial sale, but declining to decide that it was not. In that case, however, the court declared that the English practice of opening the biddings upon the offer of an upset bid substantially prevailed in this State.

In *Hudgins* v. *Lanier, Bro. & Co.*, 23 Gratt. 494, there was an upset bid of $100 advance upon the price paid, which the court held was not a sufficient advance to justify a resale. But in that case Staples, J., who delivered the opinion of the court, while answering the objection that the court had erred in decreeing a sale before the difficulties in respect to the title were removed, said: "The legal title can at any time be obtained, and there is no reason to suppose that any sacrifice will result from a sale of the property without it. The whole subject is under the con-

trol of the circuit court, *which will take care not to confirm a sale at a grossly inadequate price.*" Thus showing, that in his opinion at least, that gross inadequacy of price was a sufficient ground for refusing to confirm a judicial sale.

In *Brock* v. *Rice,* 27 Gratt. 815, the doctrine is announced that in. judicial sales the whole proceedings are *in fieri* before confirmation. That the action of the court must depend, in a large measure, upon the circumstances of the particular case, and that the discretion of the court must be exercised in the interest of fairness, prudence, and with a just regard to the rights of all concerned. But in that case no question of opening the biddings or of refusing to confirm for inadequacy of price arose.

In *Curtis* v. *Thompson,* 29 Gratt. 477, Judge Anderson, with Christian, J., concurring, said : " I do not think that mere inadequacy of price is sufficient ground for setting aside a sale fairly made pursuant to a decree of the court." But note the reason, which can have no application to a case like the one in hand, when no *creditor* in a deed of trust is seeking to enforce his rights, but where the property is being sold for the purpose of distributing the proceeds as far as possible in accordance with the will of the testator. He says : " *The creditor is entitled to his money and to a sale of the land to get it, according to contract.* And all that the debtor can require is, that it shall be sold for as much as it will bring in the market. After his default he is not entitled to hold the money and the land too, which he contracted should be sold to pay the debt, because, in the opinion of some of his neighbors, it is. worth a great deal more than the price at which it is cried out at." In this case Judges Staples and Burks, while concurring in the decree, declared that they " were not prepared to say that inadequacy of price was not sufficient to set aside a judicial sale." So, in this case, in which Judge Moncure did not sit, it is properly made a *quære* in the

syllabus of the reporter, which inadequacy of price alone is sufficient to set aside a judicial sale.

The next case is *Roudabush* v. *Miller et als.*, 32 Gratt. 464. In that case, Judge Anderson, speaking for the court, after saying that it had never been decided how far the English practice had been adopted in this Commonwealth, and that it had never been held that for mere inadequacy of price the court should set aside the sale, used this language.     *     *     *     *     *     *     *

" In a proper case, where it would be just to all the parties concerned, this court may be understood as having sanctioned a practice in the circuit courts, in the exercise of a sound discretion, of setting aside a sale made by commissioners under a decree, and reopening the biddings, upon the offer of an advanced bid of sufficient amount, deposited or well secured; and to that extent the former English practice has been allowed in this State."

*Berlin* v. *Melhorn*, 75 Va. 642, was the case of an upset bid made *by a defaulting purchaser* at the same term, but after the confirmation of the sale. In this case it was not even alleged the price paid by Berlin was inadequate, and the court held that the mere offer of a larger price by such a purchaser was not a good cause for setting aside the sale.

In the next case (*Hansucker et als.* v. *Walker et als.*, 76 Va. 753) the court held that the sale ought to have been set aside for inadequacy of price and a resale ordered. In that case there was an upset bid of ten per cent. made by a responsible party, but the court seems to have attached no importance to that circumstance. And the opinion, after showing that the price offered was inadequate, and barely adverting to the fact that there was an upset bid, proceeds: " It is impossible to resist the conclusion that the property was sold at a grossly inadequate price, and that a resale is necessary in justice to the rights of the debtor and the junior creditors." 76 Va. R. 755.

In *Langyher, Trustee,* v. *Patterson and Bash,* 77 Va. R. 473, the court held that it was error for the circuit court to set aside its decree of confirmation upon the mere offer of an advance bid of ten per cent., without notice to the purchaser or any of the parties to the suit, and without even a suggestion that the price for which the land sold was inadequate.

From this review of the cases, taken in connection with the resolution of this court in this case on the former appeal, we think it may be seen that while no test of adequacy can be found which will apply to all cases, and while it is apparent that this court is averse to refusing a confirmation of a sale merely on the ground of inadequacy of price, yet that it will always do so where the inadequacy is so gross that a confirmation of the sale will result in a sacrifice of the property. And we think it equally clear that it will ordinarily set aside the sale and open the biddings, at any time before confirmation, upon the offer of a substantial upset bid.

These principles are decisive of this case; for waiving all questions as to the adequacy or inadequacy of the price bid, it is perfectly clear that the offer of so large an advance bid as thirty per cent. at the price for which the land sold made a resale necessary in justice to Mrs. Powell and Mrs. Withers, whose legacies will otherwise be entirely lost to them.

It is suggested, however, that it nowhere appears in the record that any money was actually tendered to the court for the cash payment, and that no bonds, with security, were offered for the deferred payments. But to this objection we attach but slight importance. It was not made in the court below, and it comes too late now. Had it been made there, it would doubtless have been at once removed by the actual production in court of the bonds for the deferred payments and the money for the cash payment.

The court below evidently regarded this as a *bona fide* offer of an upset bid, which it refused to entertain, and it should be so treated upon this appeal.

Upon the whole, we think it clear that the property was not sold for anything like its value; but without deciding that the inadequacy was sufficient to justify a resale on that ground, we do decide that the court erred in not accepting the upset bid, and that for that error the decree must be reversed and the cause remanded in order that a resale may be had.

DECREE REVERSED.