## Staunton.

THOMAS ET AL. V. FARMERS NATIONAL BANK OF SALEM.

SEPTEMBER 12th, 1889.

1. JUDICIAL SALES—*Cloud upon title.*—The general rule is that before sale is decreed, any cloud on the title, or impediment to a fair sale, ought to be removed as far as practicable. *Brown* v. *Lawson, ante* p. 284.
2. IDEM—*Undivided interest.*—Sale of land before partition, *held,* not erroneous, where no objection was offered when decree was entered, or sale made, and nothing appears to indicate that defendant was prejudiced thereby.
3. IDEM—*Joint principal.*—A joint principal in some of the debts for which the land is sold, the proceeds whereof are insufficient to pay all the debts, though owning no part of said land, may object to the confirmation of the sale.

Heard at Wytheville.    Decided at Staunton.

Appeal from decree of circuit court of Montgomery county rendered in the cause of the Farmers National Bank of Salem and others, complainants, against John M. Thomas and Giles D. Thomas, defendants.    The decree being unfavorable to the defendants, they appealed.    Opinion states the case.

*Luke Tompkins*, for the appellants.

*Phlegar & Johnson*, for the appellees.

LEWIS, P., delivered the opinion of the court.

This was a suit to subject the lands of the defendants, John M. Thomas and Giles D. Thomas, to the satisfaction of the judgment liens thereon. The liens and their priorities were duly ascertained and reported, after which there was a decree of sale. Among the lands ordered to be sold was a tract of 898½ acres, situate in Montgomery county, which was jointly owned by the defendant, Giles D. Thomas, and his wife, Mrs. Matilda C. Thomas, and as to which the commissioner of sale reported that he had sold the undivided moiety of Giles D. Thomas therein for $6,024 25 upon the terms specified in the decree of sale. The confirmation of the sale, however, was opposed by John M. Thomas (who in some of the debts upon which the judgments sought to be enforced had been obtained, was a joint principal with Giles D. Thomas, and in others his surety), and the grounds of his objection were (1) that before a sale was decreed, partition of the land between Giles D. Thomas and his wife ought to have been made; and (2) that the price bid for the land was inadequate.

He also filed with his exceptions a certificate, subscribed and sworn to by various persons, which is in these words: " We are of opinion that if the land of Giles D. Thomas was divided between him and his wife, and the interest allotted to him sold, it would bring at least $25 per acre." The difference between this estimate of the value of the interest and the price for which it actually sold is $5,213 25. The exceptions, however, were overruled, and the sale was confirmed by the decree complained of.

We are of opinion that there is no error in the decree. While it is true that before confirmation of a judicial sale the contract is incomplete and the accepted bidder is not regarded as the purchaser, yet in acting upon the report of sale the court must exercise, not an arbitrary, but a sound legal discretion in view of all the circumstances of the case. *Brock* v. *Rice*, 27 Gratt., 876; *Withers* v. *Coles*, 83 Va., 525; *Todd* v. *Gallego Mills*, 84 *Id.*, 586.

In the present case it is not questioned, nor do we doubt, that it was competent for the appellant, John M. Thomas, to object to the confirmation of the sale, inasmuch as he is jointly bound for the debts reported in the cause, and the proceeds of the sales are not sufficient to pay all the debts—but we do not think, in view of the circumstances, that there was error in confirming the sale. No upset bid was offered, nor any guaranty given or offered that, in the event of a re-sale, the interest of Giles D. Thomas would bring a better price, nor is there anything in the record which warrants the conclusion that the interest was sold for an inadequate price.

The certificate filed with the exceptions to the report of sale is extremely vague, and merely embodies the expression of an opinion on the part of the signers of the paper that if his interest in the land were assigned to him in severalty, it would bring at least $25 per acre. But the grounds upon which this opinion is based are not stated, nor does anything appear in the record to enable us to form an estimate as to the probable value of such an opinion. It is not stated where the affiants reside, or what opportunities they have had, if any, of correctly estimating the value of the land, and it is merely an inference that they are acquainted with the land at all. For aught the record shows, they may have never seen it or know nothing of its value, and yet their certificate of opinion is the only evidence adduced by the appellant.

There is no absolute rule which forbids a sale of land in a case like the present before partition is made. The court, however, must exercise in every such case a sound discretion, having a due regard to the interests of all concerned. The general rule undoubtedly is that before a sale is decreed, any cloud on the title, or any impediment of any kind to a fair sale, ought to be removed, as far as it is practicable to do so, in order that the land may be sold to the best advantage. *Horton* v. *Bond*, 28 Gratt., 815; *Rossett* v. *Fisher*, 9 *Id.*, 492; *Terry* v. *Fitzgerald*, 32 *Id.*, 843; *Brown* v. *Lawson*, *ante* p. 284. But what

is such an impediment must be determined upon the circumstances of each particular case. Because a sale of an undivided interest in one case would result in a sacrifice, it does not follow that such must necessarily be the result in every similar case, and, therefore, no inflexible rule on the subject can be laid down.

In the present case there was no objection to the decree of sale when the decree was entered or at any time before the sale was made, and as there is nothing to show that the appellant, who alone is complaining, has been prejudiced by the sale, the decree must be affirmed.

DECREE AFFIRMED.