# CHARLESTON

## MOUNTS *v.* MOUNTS.

Submitted September 10, 1906.    Decided January 15, 1907.

1. PARTITION—*Possession by Lessee—Rule to Show Cause.*

  In a suit for partition brought by the heirs of one who in his life time executed a mining lease upon the lands sought to be partitioned, upon one of the heirs claiming that the lessee is in possession of a certain portion of the property not embraced by the terms of the lease, a rule cannot issue against the lessee for the purpose of construing the lease and requiring him to appear and show cause why a writ should not issue requiring him to deliver possession of the property in dispute to the heir claiming same. (p. 179.)

Appeal from Circuit Court, Logan County.

Bill by Kennis F. Mounts and others against Lillie Mounts and others. Decree for plaintiffs, and certain defendants appeal.

*Reversed.    Writ Quashed.*

CAMPBELL, HEFFLEY & DAVIS and LILY & SHREWSBERRY, for appellants.

ELLISON & ENGLAND, for appellee, Alexander Mounts.

SANDERS, JUDGE:

On the 28th day of February, 1903, Moses Mounts leased to S. C. Fisher and others about eight hundred acres of land in Logan county for coal mining purposes. The lessees later conveyed said lease to the Fisher-Mounts Coal Com-

pany, which company conveyed same to the Gay Coal and Coke Company.

Moses Mounts, on the 27th day of February, 1904, departed this life intestate. Later Kennis F. Mounts and others of his heirs instituted a suit to partition the land leased by him. With the bill upon which the land was partitioned the lease made by Moses Mounts to Fisher was exhibited, and in the decree of partition entered in said cause, it is adjudged that the land be partitioned subject to said lease.

In the decree of partition Alexander Mounts was assigned the lot designated as lot No. 19. On this lot there was situated, at the time of the execution of the lease, a small house. This house was taken possession of by the Gay Coal and Coke Company, which placed one John Taylor therein as its tenant. On the 22d day of January, 1906, a petition was filed in said suit by Moses Mounts against the Gay Coal and Coke Company and John Taylor, praying for a rule against the defendants to the petition, to show cause why they should not surrender to him possession of said house. To this petition the defendants appeared, and moved to quash the same. This motion being overruled, they filed their answer, claiming the house under the following provision of the lease: "The lessees shall have the sole and exclusive privilege of mining coal on the above described premises included in this lease during the continuance of this lease, and the privilege of using so much of the surface of the lands of the said Moses Mounts on the right hand side of said creek and branches above mentioned, going up, and of the timber not exceeding 18 inches in diameter, stone, sand and water thereon as may be necessary for their mining and building purposes including tenement houses, tipples, inclines, tramways, railways and other buildings, and of such structures as may be necessary for the successful operation of the mining business but for no other purpose."

Upon the hearing, the court entered a decree enlarging the rule and requiring the defendants to the petition to deliver possession of the house in question, and from this decree said defendants have appealed.

Appellants contend that the circuit court should have quashed and dismissed the rule, because their interests are

hostile to the interests of the heirs, and that they are entitled to a trial by jury. We must bear in mind that the object of this suit is to partition the lands of Moses Mounts, deceased, among his heirs, and that the decree of partition cannot in any way effect the title or rights of the lessee. Our Code, section 5, chapter 79, section 3184 Anno. Code 1906, provides as follows: "Any person who, before the partition or sale, was lessee of any of the lands, divided or sold, shall hold the same of him to whom such land is allotted or sold, on the same terms on which, by his lease, he held it before the partition." The title to this property has not changed. It still remains in the heirs of the landlord. Then if by a rule in this suit the tenant can be required to appear and show cause why he should not surrender possession of the property, and have the lease construed, and the rights thereunder litigated and determined, between the landlord and the tenant, there is no reason why in the first instance a suit in equity could not be maintained by the lessor against the lessee to obtain possession of the property. The cases cited by the appellee have no application here, and our search has led us to the conclusion that no case can be found where upon a rule awarded in a partition suit has the right to the possession been litigated and determined between the landlord and his tenant. The case decided by this Court of *Williamson* v. *Russell*, 18 W. Va. 612, is one wherein certain land was mortgaged, and the assignee of the mortgagee brought suit and obtained a decree to sell and did sell the land, the tenant of the mortgagor being in possession thereof and not being a party to the suit. The purchaser applied for and obtained a rule against him to show cause why he should not be compelled to give possession of the land to the purchaser, and the court held that this was the proper proceeding, if the one in possession appeared to be the tenant of the mortgagor, but if it appeared that he claimed the land by title adverse to the mortgagor, that no such writ should have issued. JUDGE GREEN, in delivering the opinion of the Court, says: "There is no question, that the proper course of proceeding on the part of the county court was to issue a rule against the plaintiff, Theodore A. Williamson, to show cause why he should not be compelled to give possession of this land to the purchaser, Russell; and if on the return of

this rule it had appeared, that he was a tenant of William W. Williamson or in any manner claimed under him, the writ of *habere facias possessionem* should have been issued and enforced against him; but if it appeared, that he claimed the land by a title, which was adverse to that of William W. Williamson, no such writ should have issued;" and cites *Newman* v. *Chapman*, 2 Rand. 106, and *Comm*. v. *Ragsdale*, 2 H. & M. 8. In *Newman* v. *Chapman, supra*, the land was mortgaged, and the assignee of the mortgagee brought suit to foreclose, and during the pendency of this suit the mortgagor sold a portion of the land, the vendee taking possession, but he was not a party to the foreclosure proceedings. The purchaser at the foreclosure sale, not having been awarded a writ of *habere facias possessionem*, filed his bill setting up the fact that the vendee of the mortgagor was in possession, claiming under the mortgagor, and asked that the decree of sale under the foreclosure proceedings be carried into effect, which bill the court maintained. Newman was a *pendente lite* purchaser, claiming under Armistead, who had been divested of all his title or interest in the land, and it is clear that the writ of *habere facias possessionem* was proper to be awarded against him.

In *Comm*. v. *Ragsdale, supra*, the facts of the case do not appear, except that a decree was entered for a sale of the mortgaged property, and that Quarles being in possession of some of the property, which he had acquired after the mortgage had been duly recorded, refused to deliver it up, and a rule was awarded against him to show cause why he should not do so. From whom he acquired the property, or under what title he claimed it, does not appear from the opinion.

In *Trimble* v. *Patton*, 5 W. Va. 432, it is held to be well established that a court of equity always has jurisdiction to carry into effect its own decrees and is not *functus officio* until the decree is executed by the delivery of possession, and cites *Newman* v. *Chapman, supra*. This is true in a certain class of cases, where the one in possession is claiming under him whose title has been sold, or where by an adjudication he has been divested of his title. But it does not apply to all cases, such as where the one in possession claims adversely to the one asking to be put in possession, nor will

the heirs of the lessor, in a suit brought to partition lands, be permitted by rule to bring the lessee into the cause and therein litigate the right to the possession and construe the lease under which the tenant holds. It is very different from where the land of the lessor has been sold, or where upon an adjudication he is found to have no title, or where by such adjudication he has been divested of his title. Here the title has only passed to the heirs by descent, and the tenant sustains the same relation to the heirs as he did the lessor. If the lessee is in possession of property not embraced under the terms of the lease, the landlord would have to bring an action to recover possession, and therefore his heirs will be required to resort to the same proceeding. A court will never in such proceeding undertake to settle the title or right to possession of adverse claimants. In that case Trimble and others were in possession as tenants of Stockton, and upon an adjudication against him divesting him of all title to and interest in the land, it would be proper to award a rule against his tenants to show cause why they should not deliver possession to the purchaser. As to the case of *Paxton* v. *Rucker*, 15 W. Va. 547, it appears that at a judicial sale of lands, Lyle Paxton, who became the purchaser, made it known to the court that Wesley Rucker was in possession thereof, and asked the court to award a rule against Rucker to show cause why a writ of possession should not issue requiring him to deliver possession to the purchaser. The rule was issued, and upon the hearing a writ of possession was awarded, from which decree Rucker appealed, which resulted in its affirmance by this Court. The evidence given upon the hearing of the rule was not made a part of the record, and therefore we do not know what was disclosed upon the hearing. Under what title or right Rucker claimed we cannot say, nor did this Court know upon the decision of that case, as its opinion shows. It is true that Rucker sets forth his claim in his answer to the rule, but the decree shows that the case was heard upon "evidence of witnesses adduced in open court," and what that evidence was, as we have observed, we do not know, and therefore we cannot assume that the answer set forth the facts, as the court found otherwise, and every presumption is in favor of the correctness of its conclusion.

If under a proper construction of the lease, the appellants are not entitled to the possession of the house, this question must be litigated in proper proceeding brought for that purpose.

The decree of the circuit court is reversed, and the rule and the writ of possession awarded upon the hearing thereof are quashed and dismissed, but without prejudice to the appellees to institute and prosecute such proceeding as they may be advised is proper for the purpose of having their rights under the lease litigated and determined.

*Reversed.    Writ Quashed.*