# Wytheville.

E. A. WATKINS & BROTHERS v. JONES AND OTHERS.

June 13, 1907.

1. EQUITY—*Judicial Sale—Upset Bid—Confirmation.*—A judicial sale will not be set aside merely because an upset bid of a larger sum is offered. If the terms of the decree of sale have been complied with, and the land has been sold under favorable circumstances and has brought a fair price, and confirmation is recommended by the commissioners who made it, the sale should be confirmed. This is especially true where the party objecting to the confirmation and tendering the upset bid, was present at the sale and had ample opportunity to bid. Stability and confidence in judicial sales will, in this way, be best promoted, and the best price for property offered at such sales will be thus obtained.

Appeal from a decree in chancery of the Circuit Court of Southampton county, in the case of *Boykin* v. *Jones,* in which the court refused to confirm a sale made under its decree, at which sale appellants were reported as the purchasers.

. *Reversed.*

The opinion states the case.

*Thomas W. Shelton,* for the appellants.

*J. U. Burgess, E. Frank Story* and *Leake & Carter,* for the appellees.

KEITH, P., delivered the opinion of the Court.

In the chancery cause of *Boykin* v. *Jones and others,* there was a decree for the sale of certain real estate. Two commissioners were appointed, one of them counsel for the plaintiff and the other for the defendants, and at the sale George Jones, a son of the defendant John S. Jones, became the purchaser at the price of $2175. By a decree of the 7th of September, 1905, this sale was confirmed, but, the purchaser failing to comply with the terms of sale, a resale was ordered. The property was again offered and Watkins and Brothers bid the sum of $2100, and, that being the highest bid, the sale was reported by the commissioners, and its confirmation recommended. Before it was confirmed, however, John S. Jones put in an upset bid of $300, paying in cash the sum of $250.

It appears that John S. Jones was a one-half owner of the property sold; that he was a defendant in the cause; that his counsel was one of the special commissioners; that he was present at both the first and the second sales; that he was thoroughly acquainted with the property; that the property was assessed at $400; that it brought $2175 at its first offering and $2100 at its second offering; that in the opinion of the commissioners who recommended its confirmation the price was a fair one; that the terms of sale were in all respects complied with; and the sole question before us is whether, upon these facts, the court should have refused to confirm the bid of E. A. Watkins and Brothers.

Under the practice of the English courts of chancery, where an upset bid is put in before confirmation, it is the rule to re-expose the property to sale; but such is not the law with us. We need not review the many decisions of this court touching this subject. That was done by Judge Riely in *Moore* v. *Triplett,* 96 Va. 603, 32 S. E. 50, 70 Am. St. Rep. 882. After reviewing all the Virginia authorities pertinent to the subject, the opinion states the law as follows:

"Considering the circumstances of the case at bar, and applying the rule prevailing in this State, our conclusion is that

the Circuit Court did not err in rejecting the upset bids and confirming the report of sale of the parcels of land in question.

"The sale took place under favorable circumstances, was fairly made, and there is not a suggestion of misconduct or impropriety on the part of any one.

"There is no evidence or complaint even that the land did not sell for a fair price, and bring its market value. The commissioners state in their report that it brought a good price, and recommend the confirmation of the sale.

"The main upset bid was put in by one who had an agent at the sale, who bid for him. It has been generally understood by the profession, and enforced by the courts, that one who was a bidder at the sale, by himself or by an agent, which is the same thing, or was present and had the opportunity to bid, would not, as a general rule, be permitted to put in an upset bid. He must bid at the sale in open competition with all others what he is willing to give for the property. A different rule would have a pernicious effect upon judicial sales of property.' * * *

"Judicial sales are constantly taking place, and it must continue to be so as long as there are debts to be collected, and liens to be enforced. Great care should be observed that the practice of the court in acting upon a report of sale should not be such as to deter or discourage bidders, but such as to induce possible purchasers to attend such sales, to encourage fair, open, and competitive bidding in order that the highest possible price be obtained, and to inspire confidence in the stability of judicial sales. This is due not merely to the purchaser, but also to creditors, debtors, and the owners of property which has to be sold by the court."

The case before us is even stronger than that of *Moore* v. *Triplett* in some of its aspects, for here the party who put in the upset bid was present in person at the sale and not merely by an agent.

Of course the object of a sale is to secure the best price for

the property, and this result can be best accomplished, not by accepting every upset bid offered under circumstances such as are disclosed by this record, but by the establishment of and adherence to rules which will inspire confidence in the stability of judicial sales, as was said by Mr. Minor in 2 Min. Inst. (4th ed.) 380, rather than by the introduction of a practice that will induce bidders to feel that judicial sales are not to be seriously taken. *Roudabush* v. *Miller,* 32 Gratt. 454.

For these reasons we are of opinion that the decree should be reversed, that the appellants should recover their costs, and that the cause be remanded for further proceedings not in conflict with the views expressed herein.

*Reversed.*