# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## HOWELL v. MORIEN AND OTHERS.

### March 11, 1909.

1. JUDICIAL SALES—*Upset Bids—Refusal to Accept.*—Where a judicial sale has been fairly made, at a good price, and there is no suggestion of any misconduct or impropriety in connection with the sale on the part of anyone, it should not be set aside merely because an upset bid of ten *per cent.* advance is offered, and the auctioneer is of opinion that the property will bring considerably more on a resale. To set aside such a sale would not inspire confidence in the stability of judicial sales, but would tend to deter and discourage bidders.

Appeal from a decree of the Circuit Court of Henrico county refusing to confirm a judicial sale. Purchaser appeals.

*Reversed.*

The opinion states the case.

*Samuel A. Anderson,* for the appellant.

*A. W. Patterson, F. T. Sutton, Jr.,* and *H. St. John Coalter,* for appellees.

BUCHANAN, J., delivered the opinion of the court.

The only question involved in this appeal is whether or not the trial court erred in not confirming the sale of two small

parcels of land sold under a decree of the court for the purposes of partition.

The special commissioners who made the sale reported to the court that after due advertisement of the time, terms, and place of sale they had offered it for sale; that the appellant being the highest bidder, both parcels were knocked off to him at the aggregate price of $1,435, but since the sale J. T. Sloan, a responsible person, who was not present at the sale made by them and did not know of it, had offered an upset bid of $1,578.50, being an advance of ten *per cent.* over the bids of the appellant, Arden Howell, and recommended the acceptance of the bid and a re-sale of the property.

The report of the commissioners of sale was excepted to by Mr. Howell, the purchaser, so far as it recommended the acceptance of the upset bid, upon the ground, among others, that the sale to him was a fair one, that he had been put to considerable expense and loss of time in the examination of the title to the property, which conferred upon him rights as a purchaser that should be protected by the court.

The court overruled his exceptions, refused to confirm the sale, accepted the upset bid, and ordered a resale. From that decree this appeal was taken.

In the case of *Watkins, &c.* v. *Jones, &c.,* 107 Va. 6, 57 S. E. 608, 1 Va. App. 291, the property had been knocked down at $2,100, and the advance offered by the upset bid was $300, more than fourteen *per cent.* The trial court refused to confirm the sale. In giving its reason for reversing that action of the circuit court, this court said: "Under the practice of the English courts of chancery, where an upset bid is put in before confirmation, it is the rule to re-expose the property to sale, but such is not the law with us. We need not review the many decisions of this court touching this subject. That was done by Judge Riely in *Moore* v. *Triplett,* 99 Va. 603, 32 S. E. 50, 70 Am. St. Rep. 882." In that case (*Watkins* v. *Jones*) it was

held that if the terms of the decree of sale have been complied with, and the land has been sold under favorable circumstances and has brought a fair price, and confirmation is recommended by the commissioners who made it, the sale should be confirmed.

The sale under consideration was a fair one, at a good price (being more than three and one-half times as much as the sum at which the land was assessed for taxation) ; and there is no suggestion of any misconduct or impropriety in connection with the sale on the part of anyone.   The only reasons given by the commissioners why they recommended that the sale should not be confirmed were, that the upset bid of ten *per cent.* was a substantial advance, and that the auctioneer who had made the sale was of opinion that the property would bring considerably more on a resale.   One of the commissioners suggests that the advertisement of sale in the *Times-Dispatch* was not "a conspicuous one, and perhaps your special commissioners were too economical in the use of space with the newspaper for a sale like this."   This suggestion is not concurred in by the other commissioner, who states that the advertisement was as conspicuous as usual in such sales. · The affidavit of the auctioneer was not taken to show upon what he based his opinion that the property would, if resold, bring a considerable advance.

There is, therefore, really nothing in the case upon which to base the action of the court in its refusal to confirm the sale, except the advance bid of ten *per cent.*

To set aside a judicial sale upon the facts and circumstances disclosed by this record would establish a practice which would be hurtful rather than helpful in securing the best price for property sold at judicial sales, and instead of inspiring confidence in the stability of such sales, in order to induce possible purchasers to attend and bid, would deter and discourage them, and establish a precedent which would make them feel that judicial sales are not to be seriously taken.   *Watkins* v. *Jones, supra,* and cases cited.

We are of opinion, therefore, that the decree appealed from should be reversed, and the cause remanded to the circuit court for further proceedings not in conflict with the views expressed in this opinion.

*Reversed.*