## Richmond

HARDY AND ANOTHER V. COLEY AND OTHERS.

March 13, 1913.

1. JUDICIAL SALES—*Setting Aside—Upset Bids.*—It is error to set aside
   a judicial sale solely because an advance bid of 10 *per cent.* has
   been made. The court should exercise a sound legal discretion
   with a view to fairness, prudence and a just regard to the
   rights of all concerned. The action of the court should be such
   as to induce bidders to attend, and to encourage fair, open and
   competitive bidding in order to obtain the highest possible price
   and inspire confidence in the stability of judicial sales.

Appeal from a decree of the Circuit Court of Mecklen-
burg county.

                                        *Reversed.*

The opinion states the case.

*Irby Turnbull and Morton G. Goode,* for the appellant.

*Reeks & Bedinger,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

The only question involved on this appeal is the pro-
priety of the ruling of the circuit court setting aside the
first sale and opening the biddings solely because an ad-
vance bid of 10 *per cent.* had been made. In such case the
practice of setting aside the original sale and again offering
the land at the upset bid obtained in England until abol-
ished by statute (30 and 31 Vict., ch. 48, sec. 7). To a
certain extent the English rule formerly prevailed in Vir-
ginia, but that practice has been generally condemned by

the more recent decisions in the United States, and in this State, as tending to discourage bidding and render such sales unstable.

In *Moore* v. *Triplett*, 96 Va. 603, 32 S. E. 50, 70 Am. St. Rep. 882, the authorities are reviewed by Judge Riely and the conclusion reached "That the court should exercise a sound legal discretion with a view to fairness, prudence, and a just regard to the rights of all concerned. The action of the court should be such as to induce bidders to attend, and to encourage fair, open, and competitive bidding in order to obtain the highest possible price and inspire confidence in the stability of judicial sales." In that case the decree of the circuit court refusing to open the biddings merely because an advance of 10 *per cent.* had been offered was approved and affirmed.

The doctrine announced in the above case was followed in *Watkins* v. *Jones*, 107 Va. 6, 57 S. E. 608, and in *Howell* v. *Morien*, 109 Va. 200, 63 S. E. 1073, in both of which cases decrees of the trial court were reversed for setting aside former sales simply because advance bids had been made. In the first of these cases the land sold for $2,100, and the advance bid was $300; in the last case there was an upset bid of 10 *per cent.*

In the present case the land brought $3,275, and the purchasers complied with the terms of sale. The commissioner reported that "quite a number of bidders were present, and the sale was regarded as a good one;" he therefore recommended that it be confirmed. Subsequently, having received the upset bid, he amended his report and advised a resale. At the second sale the land was started at the upset bid and, there being no higher bid, was cried out at that price. It is true that E. W. Hudgins, the party who made the upset bid, was not present at the first sale, being engaged at that time, as he states, in taking testimony in a contested election case. Nevertheless, he

knew that the sale was to be made, and no reason is suggested why he could not have been represented by an agent.

We are of opinion that this case is controlled by the authorities cited. The decree must, therefore, be reversed and the case remanded for further proceedings in accordance with the views herein expressed.

*Reversed.*