# Staunton

## DENNIS AND OTHERS V. DENNIS AND OTHERS.

### September 7, 1914.

1. PARTITION—*Parol Agreement—Improvements—Inadequate Description.*—An alleged parol partition of land between tenants in common, followed by improvements placed by one of the parties on his part, will not be enforced by a court of equity, where there was no survey and no fence placed to indicate the alleged line, and it is indefinitely described in the pleadings and inadequately sustained by the evidence.

2. PARTITION—*Tenants in Common—Improvements—Death of Tenant—Division in Kind—Sale—Case in Judgment.*—A tract of land was owned jointly and equally by mother and son. The son, with the consent of his mother, took possession of the western part of the tract, built upon it and otherwise improved it, and thereafter made his home upon it. Subsequently the mother died intestate, surviving her six children, of whom the son above-mentioned was one. The tract was susceptible of being equally divided into two parts, without damage or disadvantage to the value of either interest, but was not susceptible of division into six parts. The other five children brought suit for partition, asking a sale of the whole, so that partition could be made.

*Held*: The land should be divided into two equal parts, assigning to the son who was tenant in common with his mother the part upon which he had put the improvements, and decreeing a sale of the other part for the purpose of making a division of the proceeds among the heirs of the mother according to their respective interests.

Appeal from a decree of the Circuit Court of Bedford county. Decree for complainants. Defendants appeal.

*Reversed.*

The opinion states the case.

*Hunter Miller* and *S. S. Lambeth, Jr.,* for the appellants.

*Ro. W. Withers* and *Smeltzer V. Kemp,* for the appellees.

HARRISON, J., delivered the opinion of the court.

This partition suit involves the proper method of dividing certain real estate left by Elizabeth Dennis, deceased, among her six children and heirs at law.

The record shows that Elizabeth Dennis died seized and possessed of six acres of land upon which she resided, and an undivided one-half interest in a tract containing eighty-seven acres which she owned jointly with her son, Albert Dennis. The correctness of the proceedings in the lower court as to the six acre tract is not disputed.

The first question that arises with respect to the division of the eighty-seven acre tract grows out of the claim of the appellant, Albert Dennis, that a parol partition of the land, in the life time of his mother, had been divided in accordance with the terms of that alleged parol understanding. The deed to Elizabeth and Albert Dennis, dated October 21, 1887, conveys to them jointly the eighty-seven acre tract, thereby making them tenants in common of the whole of the land passing by the deed. The evidence shows that a number of years ago, with the consent of his mother, the appellant took possession of the western portion of this land, built upon it, and otherwise improved it, and has made his home there ever since. It does not, however, satisfactorily appear that a line had been agreed upon by appellant and his mother partitioning the land between them so as to give appellagreed upon between them, and that the land should be

lant three-fifths thereof, as claimed, instead of one-half, the amount he was entitled to under their joint deed of record. This alleged parol partition is lacking in the circumstances usually attending such a transaction. There was no survey and no fence placed to indicate the alleged line, which is very indefinitely described in the cross-bill and inadequately sustained by the proof.

In *Plunkett* v. *Bryan*, 101 Va. 814, 45 S. E. 742, citing *Wright* v. *Puckett*, 22 Gratt. (63 Va.) 370, the measure of proof necessary to establish such part performance as will take a case out of the statute of frauds is fully stated and need not be repeated here.

The second question to be considered involves the ruling of the court in decreeing a sale of the eighty-seven acres of land as a whole in order to make partition of the undivided half thereof between the six heirs of Elizabeth Dennis. This was clearly an erroneous view of the rights of the parties in the premises. The appellant owned an undivided half interest in the land and the six heirs of Elizabeth Dennis owned, as a unit, the other half, inherited jointly from their mother. The evidence shows—indeed, it is not denied—that the eighty-seven acres of land can be equally divided into two parts, without damage or disadvantage to the value of either interest, so as to give appellant his half of the land so located as to include the improvements that he has put thereon.

The circuit court, resting its view upon the recent decision of this court in *Jackson* v. *Jackson*, 110 Va. 393, 63 S. E. 721, held that without the consent of all parties half of the eighty-seven acres could not be allotted to Albert Dennis and the other half to the six heirs of Elizabeth Dennis to be sold for division of the proceeds among them. This is a mistaken view of the principle announced by this court in *Jackson* v. *Jackson, supra.* The facts of the two cases are entirely different. In

*Jackson* v. *Jackson* partition of the land of the decedent, Jackson, was sought between his seven children, each child took in the same right, and it was held incompetent to allot part of the land to two of the heirs, and to sell the residue for division among the other five; in other words, that when an allotment was made, each heir must be allotted some land and the residue must be sold for division among all of the heirs.

In the case before us the appellant, in his own right, is seized of an undivided half interest of the whole land as co-tenant with his mother, apart from the interest he has, as one of her heirs, in the undivided half left by his co-tenant. It is conceded that as between mother and son the land was susceptible of partition in kind, and that each had the primary right to demand that mode of division. Of that right neither could be deprived by independent act of the other. From this premise the inevitable conclusion follows that parties claiming under either of the joint owners, whether by descent or purchase, could acquire no greater right than that to which the person under whom their claim was entitled. The stream cannot rise higher than its source. In this case the court is dealing with *stocks*. In *Jackson* v. *Jackson* it was making a *per capita* division among members of a class springing from a common stock.

In conclusion we are of opinion that under the facts of this case the circuit court should have ordered an equal division in value, of the eighty-seven acres of land in controversy between the appellant on the one hand and the heirs of Elizabeth Dennis on the other, and such allotments should have been so made that the part assigned to the appellant will have upon it the improvements that he has put on the land; and it should have further decreed a sale of the land allotted to the heirs of Elizabeth Dennis, for division of its proceeds among

them according to their respective interests, the same not being susceptible of division into six equal parts.

The conclusion reached avoids the necessity of determining the value of the improvements put upon the land by the appellant, as he will get his improvements with the land allotted to him.

The decree appealed from must be reversed and the cause remanded for further proceedings not in conflict with this opinion.

*Reversed.*