## Staunton

### Litton v. Flanary and Others.

September 7, 1914.

1. Judicial Sales—*Upset Bids—Interest of Infants.*—A judicial sale regularly and fairly made, after due advertisement, and at which a fair price has been obtained, should not be set aside solely because an advance bid of ten *per cent.* has been made. The fact that infants are, to some extent, interested in the proceeds of the sale makes no difference. The settled prinsolely because an advance bid of ten *per cent. has been made.* ment are applicable alike to infants and adults.

Appeal from a decree of the Circuit Court of Lee county, setting aside a judicial sale. The purchaser appeals.

*Reversed.*

The opinion states the case.

*R. T. Irvine* and *Pennington Bros. & Pennington,* for the appellant.

*J. W. Orr* and *B. H. Sewell,* for the appellees.

Harrison, J., delivered the opinion of the court.

This appeal brings before us again the question so often considered by this court, of the propriety of the circuit court's action in setting aside a sale made by its commissioners solely because an advance bid of ten *per cent.* had been made.

There is no question that the sale made was in all respects regular and in compliance with the decree under

which the commissioners acted. There were present at the sale a number of persons among whom were three bidders. The tract of land sold, containing 149 7-10 acres, was knocked down to the appellant, A. F. Litton, as the highest bidder, at the price of $7,550. This was five times the assessed value of the land, and the sale was, after the terms had been complied with by the purchaser, reported to the court for confirmation, the commissioners expressing the opinion that a reasonable price had been obtained for the property. At a subsequent term, when the sale came up for confirmation, the appellees, J. T. Flanary and A. P. Hickam, who were not present at the sale, appeared and filed their petition offering an advance bid of ten *per cent,* which the circuit court accepted, setting aside the sale made by the commissioners and ordering a resale.

This court has so often held that it was error to set aside a judicial sale solely because an advance bid of ten *per cent.* had been made, that it would be superfluous reiteration to discuss the rule and give the reasons therefor again. Some of the more recent decisions, which lay down the rule and give the reasons for it, are *Moore* v. *Triplett,* 96 Va. 603, 32 S. E. 50, 70 Am. St. Rep. 882; *Watkins* v. *Jones,* 107 Va. 6, 57 S. E. 608; *Howell* v. *Morien,* 109 Va. 200, 63 S. E. 1073; and *Hardy* v. *Coley,* 114 Va. 570, 77 S. E. 458. These cases are decisive of the case before us.

The appellees state in their petition that in their opinion the land is worth more than it brought at public sale. The only reason given for this opinion was that they were willing to pay ten *per cent.* more. The record shows that the appellees knew of the time and place of the sale, and had the fullest opportunity to be present in person or to be represented at the sale by an agent. *Hardy* v. *Coley, supra.*

In an affidavit made by J. F. Flanary in support of the advance bid, he says that he and Hickam knew that the land would be sold and had consulted in regard to purchasing it, but that these consultations were not final, that Hickam was a traveling man and could not be seen frequently, and that no final conclusion or determination in regard to the matter was reached by them before the date of the sale. Affiant adds that he had intended to attend the sale, but that his mother was ill and his presence required at home. The statement of these excuses for not attending the sale is sufficient, without comment, to show how barren of merit the case of the appellees is. If an advance bid of ten *per cent.* were allowed under such circumstances, there would indeed be no stability in judicial sales and *bona fide* bidders would be driven from attendance upon them.

There is no merit in the suggestion that the rights of infants are involved. This is a sale of land for partition among heirs, some of whom happen to be infants with little more than one-sixth interest in the whole. The settled principles governing judicial sales in cases like this are applicable alike to infants and adults, and have never been disturbed by this court because infants were interested in the subject matter of the sale.

The decree complained of must be reversed, and the cause remanded with instructions to the circuit court to enter a decree confirming the sale made to the appellant, A. F. Litton, by the commissioners of sale.

*Reversed.*