𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

LUCY AND OTHERS V. KELLY.

March 11, 1915.

1. PARTITION—*Fixing Right of Parties Before Decree.*—A testator devised one-half of his real estate to his wife in fee, and the remaining one-half to his wife for life, with remainder in fee to his heirs. The wife brought suit for partition, and the same was decreed.

   *Held:* The rights of all parties were fixed by the will, and the decree for partition was not premature because made before such rights had been ascertained.

2. PARTITION—*Report of Commissioners—Weight.*—While the reasons given by commissioners in partition why the land cannot be divided in kind and a part must be sold may not be entirely convincing, yet when supplemented by an actual view and examination of the lands by the commissioners, they must, in the absence of evidence to the contrary, be taken as sustaining the conclusions reached in their report.

3. PARTITION—*Allotment of Part—Sale of Residue.*—In a suit for partition by one who owns one-half of the land in fee and a life estate in the other half, it is not error to allot to her part of the land and compensate her in money out of the proceeds of the sale of the residue for inequality resulting to her in the partition. This is in accordance with the long established practice in this State, and not in conflict with *Jackson* v. *Jackson,* 110 Va. 393, where the facts were entirely different.

4. PARTITION—*Land Under Lease—Code, Section 2568.*—The fact that land is under lease for a term of years is no objection to a partition thereof in this State, as under the provisions of section 2568 of the Code, the lessee holds the same of him to whom the land is allotted or sold on the same terms on which by his lease he held it before the partition.

5. PARTITION—*Life Estate in Whole Land.*—The fact that one owns a life estate in the whole of a tract and the remainder in fee in only one-half thereof does not bar his right to maintain a suit for partition of the land. This is settled law in this State.

6. PARTITION—*Rights of Infants and Adults.*—In a suit for partition the rights of infants and adults are governed by like principles.

7. PARTITION—*Allotment of Part—Valuation of Residue—Sale for Less Than Valuation—Owelty.*—Where commissioners in partition assign one tract of land to a party, and fix a value on another tract and ascertain how much thereof shall be paid to the party receiving the other tract for owelty of partition, and the tract valued sells for a less sum than that fixed by the commissioners, the sum to be paid of owelty of partition should be fixed with reference to the price brought at the sale thereof and not to the valuation ascertained by the commissioners.

Appeal from a decree of the Circuit Court of Brunswick county. Decree for the complainant. Defendants appeal.

*Amended and affirmed.*

The opinion states the case.

*Buford, Lewis & Peterson,* for the appellants.

*Turnbull & Turnbull,* for the appellee.

KELLY, J., delivered the opinion of the court.

The will of John S. Kelly gave to his wife, Indiana M. Kelly, one-half of all his real and personal estate, "as her absolute property," and the other half for and during her natural life, with remainder to his heirs and distributees in accordance with the provisions of the statute of descents and distributions. The real estate consisted of two separate tracts, one known as the home tract, estimated to contain 345 acres, and the other known as the Vaden tract, estimated to contain 481 acres.

This suit, which was brought by the widow against the heirs of John S. Kelly, involves, so far as we are concerned with it, a partition of the aforesaid lands. The

bill prays for partition in kind, if the lands be susceptible of that sort of partition, and if not, then for a sale and proper division and disposition of the proceeds.

The decrees complained of resulted in an assignment of the home tract to Mrs. Kelly in fee, a sale of the Vaden tract and an allotment to her of a part of the proceeds as her own money to make up her one-half absolute interest in the real estate; and the decrees contemplate further proceedings not as yet had under which she will be secured a life estate or its equivalent in the balance of the purchase price of the Vaden tract, with remainder to the heirs. The other facts, so far as necessary to an understanding of the questions arising on this appeal, will appear as we proceed.

The first error assigned is that the decree in the cause directing a sale of a portion of the real estate was premature and erroneous. The argument here made is that the shares of each of the parties to the suit should have been ascertained before any sale was ordered, and that a failure to have this done tended to sacrifice the property by discouraging bids which the parties would probably have made if they had known in advance what their interests were. A number of authorities were cited to support this contention, most of them, typified by *Cole* v. *McRae,* 6 Rand. (27 Va.) 644, and *Horton* v. *Bond,* 28 Gratt. (69 Va.) 815, dealing merely with the well established principle that a sale is premature if made before the liens on the property to be sold are ascertained and the order of their priority established. This principle is not involved in the present case. The will fixed the interests of the parties, namely, one-half in fee to the widow and the other half to her for life, with the remainder to the heirs according to the statute of descents. The bill sets out in full the names of all the heirs and makes them parties defendant. There is no dispute as to the title or the interest of any party to the suit. Hence, it is clear that the case of *Stevens* v.

*McCormick,* 90 Va. 735, 19 S. E. 742, so strongly relied upon by counsel for appellants, which holds that a sale for partition is premature if made before the parties know how they stand with reference to the estate, has no application here. In that case there was a dispute as to the interests of the parties which the lower court reserved, and, with that question open, ordered a sale, which was held to be error. The distinction between the two cases is manifest.

The second and fourth assignments of error may be considered together. They embody in substance three propositions—first, that the report does not properly respond to the directions of the decree of reference; second, that from the record it does not satisfactorily appear that both tracts may not be partitioned as a whole and divided in kind; and, third, that the assignment to Mrs. Kelly of the home tract, and a sale of the Vaden tract and payment of part of the proceeds to her is a violation of the provisions of section 2564 of the Code, as that section is construed by this court in *Jackson* v. *Jackson,* 110 Va. 393, 69 S. E. 721.

Neither of these propositions can be sustained.

The pertinent directions of the decree appointing the commissioners were, "that the commissioners do proceed to go upon the lands, taking with them a competent surveyor, if necessary, and lay off and divide the said two tracts of land, having regard to quality and quantity, and assign one-half thereof to Indiana M. Kelly, to be held in fee simple, and the other half to her to be held by her for life; but if the said commissioners should find it impracticable to so divide the said land and should be of the opinion that the interest of all parties would be more promoted by a sale, they are to report the facts upon which their opinion is based to the court, and also what, in their opinion, is the fee simple value of each of said tracts."

In response to this decree the commissioners reported that after a careful examination of the lands they fixed the

value of the home tract at $4,312.50, and of the Vaden tract at $9,620.00, a total of $13,932.50; that, therefore, they were required by the decree to assign Mrs. Kelly in fee simple land of the value of $6,966.25; that they assigned the home tract, valued as above, to Mrs. Kelly, leaving her entitled to land of the value of $2,653.75 from the Vaden tract; that they undertook to assign the same to her but came to the conclusion that this could not be done with justice to her and to the other parties interested, and therefore reported that it was best for all parties to sell the Vaden tract, pay Mrs. Kelly $2,653.75 out of the proceeds and invest the residue for her benefit for life. The report then proceeds to enumerate the reasons based upon facts stated by them which led the commissioners to their conclusions. Those reasons or reported facts need not be repeated here. It may be conceded that they are not entirely convincing in the absence of any actual knowledge of the lands, but supplemented by the actual view and examination on the part of the commissioners who were the representatives of the court, they must, in the absence of evidence to the contrary, be taken as sustaining the conclusions reached in the report. This report was filed on October 28, 1913, and not confirmed until March 3, 1914; but the appellants did not offer any proof whatever to negative the findings of the commissioners, or to support the assertion that partition could be made in kind. The court followed the usual practice in partition suits. The report of the commissioners was, in all substantial respects, a compliance with the decree, and its findings, especially in the absence of evidence to the contrary, must be sustained. See *McClanahan* v. *Hockman,* 96 Va. 392, 31 S. E. 516, in which this court said: "Nor is the report of the commissioners defective for failure to place a valuation in money upon the lands, or any portion of them; nor will the court presume that partition of the respective tracts could have

been made separately, but, in the absence of evidence to the contrary will presume that the conclusions reached by the commissioners, and by them reported to the court, are true, and sufficient to warrant a decree in accordance with them."

Nor do we think the report and decree confirming the same are in conflict with the decision in *Jackson* v. *Jackson, supra.* The estates of the parties and the action of the trial court in the case cited were quite different from those in the case on trial. The case cited merely held that in a *per capita* partition among members of a class springing from a common stock, it would be a violation of the statute to allot a part and sell a part of the land, unless the part allotted and likewise the proceeds of the part sold should be divided among all those entitled to share in the estate partitioned. There is nothing in the decision in that case which conflicts with the principles upon which the circuit court proceeded in the case here, and this would seem clear from the more recent interpretation of the statute in *Dennis* v. *Dennis*, 116 Va. 619, 82 S. E. 696.

In the present case the circuit court followed, in principle at least, a common and long-established practice in partition suits and compensated Mrs. Kelly in money for an inequality resulting to her in a partition in kind. *Martin* v. *Martin*, 95 Va. 26, 27 S. E. 810; 2 Minor on Real Prop., section 963; 2 Minor's Inst. 489.

The next assignment of error is that "The complainant, Indiana M. Kelly, has only a reversion of that portion of the real estate known as the Vaden tract and is, therefore, incompetent 'to maintain a suit for partition thereof."

This assignment rests upon the fact that at the time of the institution of this suit the Vaden tract was under a lease from Mrs. Kelly to one Richard Johnson, dated July 22, 1911, to take effect January 1, 1912, and to continue for a period of five years. Johnson appears to have been

in possession, holding the Vaden tract under this lease from Mrs. Kelly. Numerous authorities are cited to sustain this contention, but we do not think they are in point. The whole subject of partition in Virginia is regulated by statute, and, therefore, even if the authorities relied upon to sustain this assignment would otherwise be applicable, as we think they are not, the statute (Code, section 2568) is conclusive of this question. The statute is as follows: "Any person who, before the partition or sale, was lessee of any of the lands divided or sold, shall hold the same of him to whom such land is allotted or sold on the same terms on which by his lease he held it before the partition." See also *Phillips* v. *Dulaney*, 114 Va. 681, 77 S. E. 449; *Mounts* v. *Mounts*, 61 W. Va. 178, 56 S. E. 358; *Willard* v. *Willard*, 145 U. S. 121, 12 Sup. Ct. 818, 36 L. Ed. 644. The lease in question in no wise affected the rights of the complainant to bring the suit.

It is further contended that the decrees complained of were erroneous because Mrs. Kelly owns the fee simple in a moiety of the estate and a life estate with remainder over in the other moiety, and, therefore, has no right to maintain a suit for partition.

If this contention should be upheld, it would produce a result which could hardly have been contemplated by John S. Kelly in his attempt to make a substantial provision for his widow, for her life estate in one moiety would very seriously hamper her fee simple ownership in the other moiety. Counsel for appellants concede, however, that the contention here made by them is in conflict with the case of *Otley* v. *McAlpine*, 2 Gratt. (43 Va.) 340, but insist that the latter ought not to be regarded as conclusive authority. Without entering upon a discussion of this question, we are of opinion that the court did not err in holding that the complainant was entitled to maintain the suit. This is the settled rule in Virginia, 2 Minor's Inst., 484; 2 Minor's

Real Prop., section 958; *Carneal* v. *Lynch*, 91 Va. 114, 20 S. E. 959, 50 Am. St. Rep. 819; *Otley* v. *McAlpine*, 2 Gratt. (43 Va.) 340.

Appellants claims that the commissioners were studious of the interests of Mrs. Kelly and paid small regard to the rights of the other parties interested. We fail to see any evidence of unfairness in the report of the commissioners, and no evidence thereof is offered by the defendants. In fact, of the forty or more heirs of John S. Kelly interested in this suit, only a small proportion of them, both in number and interest, appear in the record as making any complaint. Of those complaining only one is an adult, the others being infants and defending by guardian *ad litem*, and the adult defendant appears to have precipitated this suit by a previous one which he brought, one of the objects of which was to restrain Mrs. Kelly from cutting timber on either of the tracts. It may be proper to state in passing that in a partition suit the rights of infants and adults are governed by like principles. *Lytton* v. *Flanary*, 116 Va. 710, 82 S. E. 692.

We are, therefore, of opinion upon the whole case that there was no error in the decrees complained of in so far as they resulted in the allotment to Mrs. Kelly of the home tract, the sale of the Vaden tract and the provision for making up her one-half interest in fee by a payment to her from the proceeds of the Vaden tract. We do think, however, that the decree of May 22, 1914, should be amended in one respect. The commissioners appointed to partition the land fixed the value of the home tract at $4,312.50, and of the Vaden tract at $9,620.00. The Vaden tract actually sold for $9,200.00, which was $420.00 less than the estimate made by the commissioners, but the court, nevertheless, proceeded to allow Mrs. Kelly the full amount which the commissioners in their report and upon their previous estimate showed would be necessary to equalize

her in the partition. We are of opinion that the court should have divided this deficiency between Mrs. Kelly and the remaindermen, and that, therefore, the decree in her favor should have been for the sum of $2,443.75, and we will accordingly amend the decree in this respect, and as thus amended it will be affirmed.

*Amended and affirmed.*