## Wytheville.

### · LILLARD V. GRAVES AND OTHERS.

### ·. June 13, 1918.

#### Absent, Burks, J.

1. JUDICIAL SALES—*Setting Aside—Inadequacy of Price.*—Where the question before the trial court is the confirmation or setting aside of a judicial sale for alleged inadequacy of price, *ex parte* affidavits of landowners living in the vicinity, all of whom stated that the price was a fair one, may be considered by the court in opposition to the opinion of the commissioner that the price was inadequate.

2. JUDICIAL SALES—*Setting Aside—Inadequacy of Price.*—A judicial sale regularly and fairly made in compliance with the decree of sale, will not be disturbed upon the bare suggestion of inadequacy of price.

3. JUDICIAL SALE—*Setting Aside—Inadequacy of Price—Case at Bar.*—In the case at bar, it was error for the circuit court to set aside a judicial sale upon the opinion of the commissioner who made the sale, that the price obtained for the land was inadequate, wholly unsupported by evidence, against the presumption in favor of the highest bid as a just criterion of the value of the property, and the uncontradicted evidence afforded by the affidavits of fourteen responsible citizens and landowners, whose property either adjoined or lay in the immediate vicinity of the land in controversy, that it brought a fair price.

4. JUDICIAL SALES—*Setting Aside—Inadequacy of Price.*—It is error to set aside a judicial sale solely because after the sale an advanced bid of ten per cent. has been made.

Appeal from a decree of the Circuit Court of Madison county, setting aside a judicial sale. The purchaser at the sale appeals.

*Reversed.*

The opinion states the case.

*Chapman & Averill,* for the appellant.

*Will A. Cook,* for the appellees.

WHITTLE, P., delivered the opinion of the court.

This suit was brought under section 2436-b of the Code by the life tenant against the remaindermen for the sale for reinvestment of 260 acres of land in Madison county, upon the allegation that it was located twenty miles from a railroad and was "more a burden than a source of profit." The assessed value of the property is $2,451.

With the acquiescence of the parties the court decreed a sale of the farm, at which sale appellant became the purchaser at the price of $10,500. The sale was fairly made after due advertisement, and in conformity to the decree. It was well attended, and, upon competitive bidding, the property was knocked down to appellant as the highest bidder at the price named. For alleged inadequacy of price, based upon the opinion of the commissioner and his recommendation that the sale be not confirmed, the court set aside the sale and decreed a resale of the land. After the expiration of the term at which this decree was rendered and notice of appeal had been given, an upset bid of $11,340 was offered. The party tendering the bid knew of the sale and states that his inability to raise the cash payment at the time of sale prevented his becoming a bidder. In a letter accompanying the record, his honor, the circuit judge, expressed the opinion that it was not proper for him to consider this upset bid under the circumstances.

As opposed to the opinion of the commissioner that the farm sold for an inadequate price, appellant submitted to the trial court the affidavits of fourteen land owners living in the vicinity, all of whom stated that $10,500 was a fair price for the property. It is insisted by appellees that the

court could not consider these *ex parte* affidavits, but the practice in this jurisdiction is otherwise. *Robertson* v. *Smith,* 94 Va. 250, 252, 26 S. E. 579, 64 Am. St. Rep. 723. It has long been the course of decision in this court, when a sale has been regularly and fairly made in compliance with the decree of sale, not to disturb it upon the bare suggestion of inadequacy of price. ⸱

In *Effinger* v. *Ralston,* 21 Gratt. (62 Va.) 430, 436, Moncure, P., delivering the opinion of the court, said: "To induce a court to set aside a sale fairly made in pursuance of a decree, merely upon the ground of inadequacy of price, there ought to be a decided preponderance of evidence of such inadequacy, even if it be conceded that mere inadequacy of price is, in itself, a sufficient ground for setting aside such sale."

In *Langyher* v. *Patterson,* 77 Va. 470, it was held: "Public policy requires that purchasers at such sales should be entitled to certainty and security of their rights under their purchases, and that they should not be refused confirmation simply because they may have got a good bargain."

In *Hazlewood* v. *Forrer,* 94 Va. 793, 27 S. E. 507, it was held: "Where a judicial sale has been sufficiently advertised, well attended and fairly conducted, it should not be set aside for inadequacy of price merely because the bill, which was filed three years before the sale, charged that the property was worth a much larger sum than it brought at the judicial sale."

In *Moore* v. *Triplett,* 96 Va. 603, 32 S. E. 50, 70 Am. St. Rep. 882, it was held: "Whether a judicial sale should be confirmed or not depends upon the circumstances of the particular case. The court should exercise a sound legal discretion with a view to fairness, prudence, and just regard to the rights of all concerned. The action of the court should be such as to induce bidders to attend, and to encourage fair, open and competitive bidding in order to obtain the

highest possible price and inspire confidence in the stability of judicial sales."

Upon the authority of these decisions the decree under review cannot be sustained. The circuit court was controlled alone by the opinion of the commissioner who made the sale, wholly unsupported by evidence, against the presumption in favor of the highest bid as a just criterion of the value of the property (*Todd* v. *Gallego Mills,* 84 Va. 591, 5 S. E. 676; *Nitro-Phos. Syndicate* v. *Johnson,* 100 Va. 774, 42 S. E. 995; *Benet* v. *Ford,* 113 Va. 442, 74 S. E. 394), and the uncontradicted evidence afforded by the affidavits of fourteen responsible citizens and land owners, whose property either adjoined or lay in the immediate vicinity of the land in controversy, that it brought a fair price.

The following holdings in *Benet* v. *Ford, supra,* are pertinent to the present case: "Where the action of the court in confirming the sale of property under its control is complained of because of the inadequacy of the price, the burden is on the complaining party to show that he has been injured."

"If the grounds relied on for setting aside a judicial sale go to the very substance of the contract, such as fraud, accident, mistake, or misconduct on the part of the purchaser or other person connected with the sale, which has worked injustice to the party complaining, the rule governing in determining whether or not the sale shall be confirmed is very different from the rule controlling where the question is whether the price at which the property sold is entirely inadequate."

"The highest bid made at an open judicial sale, fairly conducted, after full notice, in the face of such competition as can be attracted, is a fair and just criterion of the value of the property at that time. After-stated opinions, affidavits of under-value, and the like, are regarded with little favor, and are entitled to little weight in comparison with the fact established by the auction and its results."

The case of appellees would not be helped if the upset bid tendered after the term at which the decree was entered were considered. The advance bid was made by one cognizant of the time and place of the sale, and does not amount to *ten per cent.* of appellant's bid. The later decisions of this court are all to the effect that it is error to set aside a judicial sale solely because an advance bid of ten per cent. has been made. *Litton* v. *Flanery,* 116 Va. 710, 82 S. E. 692, and cases cited.

The decree complained of must be reversed, and the case remanded with instructions to the circuit court to enter a decree confirming the sale made to appellant.

*Reversed.*