## Richmond.

## CLAY WINSTON SHULTZ, ET ALS, v. F. M. HUGHSON.

### November 16, 1922.

1. JUDICIAL SALES—*Auction Sale—Upset Bid by Person Present at the Sale.*— One who has been present at the auction sale of property under order of court and there had an opportunity to bid for the property is not thereafter permitted by the court to make an upset bid therefor.

2. JUDICIAL SALES—*Protection of Bidders—Confirmation of Upset Bid.*—The Supreme Court of Appeals has gone far in the protection of bidders at judicial sales, and generally confirms such sales, notwithstanding an upset bid, if it appears that the sale was fair and the price adequate under all of the circumstances.

3. JUDICIAL SALES—*Confirmation—Adequacy of Price Bid—Upset Bid.*— While no test of the adequacy of the price bid for the property sold at a judicial sale can be found, which will apply in all cases, and while it is apparent that the Supreme Court of Appeals is averse to refusing a confirmation of a judicial sale merely on the ground of inadequacy of price, yet it will always do so where the inadequacy is so gross that a confirmation of the sale will result in a sacrifice of the property; and so ordinarily the sale will be set aside and the biddings opened at any time before confirmation, upon the offer of a substantial higher bid.

4. JUDICIAL SALES—*Confirmation—Inadequacy in Price—Case at Bar.*—In the instant case, before the property was offered for sale, the commissioner made inquiry of well informed people as to the price which the land ought to bring, and it appeared from information thus received by him that the highest bid actually obtained was much lower than the property was worth. In addition, after the sale, an upset bid was made which amounted to an advance of fifty-eight per cent. over the highest bid obtained at the sale.

   *Held:* That these facts indicated that the bid of the purchaser seeking confirmation was inadequate and far below the real value of the land.

5. JUDICIAL SALES—*Confirmation—Inadequacy of Price—Evidence—Opinions as to Value.*—The opinions of apparently disinterested persons, as to the value of the land sold at a judicial sale, expressed, not for the purpose of defeating confirmation after the auction sale, as is frequent in such cases, but before the property was offered for sale, are en-

32

titled to greater weight than would be accorded them if they had been obtained after the sale for the purpose of defeating confirmation.

6. Judicial Sales—*Confirmation—Inadequacy 'of Price—Evidence—Upset Bid.*—While the trial court could not properly accept an upset bid unconditionally, because the bid was made at the instance of a party present at the sale, such bid being much larger than the highest bid obtained at the sale, was nevertheless evidence of great potency indicating that to confirm the sale would be to sell the property for an inadequate price.

7. Judicial Sales—*Confirmation—Upset Bid.*—It would be the duty of a trial court to refuse confirmation of a judicial sale of land for $17.00 per acre in the face of a *bona fide* upset bid of $27.00 per acre from one entitled to make such offer.

8. Judicial Sales—*Inadequacy in Price—Evidence Insufficient to Show Adequacy of Price.*—In the instant case affidavits of two witnesses that they thought that the price obtained at a judicial sale was adequate, was held insufficient to overcome other evidence to the effect that the price was inadequate, and a much larger upset bid, especially as it appeared from the testimony of another witness that one of the affiants said he regretted that he had not advanced the bid at the sale, as the property was worth considerably more than the price obtained.

9. Judicial Sales—*Inadequacy in Price—General Rule.*—The ancient rule that property should not be sold at judicial sales for grossly inadequate prices is still effective and neither the property of infants nor adults should be so sold if it can be fairly avoided.

Appeal from a decree of the Circuit Court of Augusta county confirming a judicial sale.

*Reversed.*

The opinion states the case.

*Timberlake & Nelson* and *Thomas W. Shelton*, for the appellants.

*Jos. A. Glasgow*, for the appellee.

Prentis, J., delivered the opinion of the court.

One, W. H. C. Shultz, died the owner of several tracts of land, among which is one designated as the Greene

land, containing 350 acres, one rood and twenty poles.
A creditors' suit was instituted and the tract offered for
sale by special commissioners, under a decree in that
suit.   At this sale, which appears to have been properly
conducted, the highest bid was made by the appellee,
Hughson, and it was knocked down to him at $17 per
acre.   He complied with all of the terms of the sale and
insists upon confirmation.

[1]  The widow of the decedent, Lucy Dabney Shultz,
who subsequently married one G. G. Rogers, was pres-
ent at the sale.   She considered the bid inadequate, but
was not in a position to make any better offer for the
property.   Thereafter and before the confirmation of
the sale, she induced one R. C. Scott, who was not pres-
ent at the sale, to offer an upset bid of $20 per acre. This
upset bid was submitted to the court, and upon inquiry
it appeared that the widow had written letters claiming
the upset bid to be her own, though she testified that
her understanding with Scott was that he could either
take the property or let her have it at his bid.   There-
after and before the question raised had been decided,
Scott made a further advance in his bid of $7 per acre—
that is to say, $27 per acre for the property—and com-
plied with the prescribed terms of the sale on this basis.
Upon the hearing the trial court rejected both the origi-
nal and the subsequent bid of Scott, and confirmed the
sale to Hughson at $17 per acre.   The reason for this
refusal to consider the Scott bid was doubtless because
it was adjudged to be in effect the bid of the widow her-
self, and under many precedents in this State one who
has been present at the auction sale and there had an
opportunity to bid for the property is not thereafter per-
mitted by the court to make an upset bid therefor.

[2]  This court has gone far in the protection of bid-
ders at judicial sales, and generally confirms such sales,

notwithstanding an upset bid, if it appears that the sale was fair and the price adequate under all of the circumstances. *Lillard* v. *Graves*, 123 Va. 193, 96 S. E. 169.

[3] This is said in *Coles* v. *Coles*, 83 Va. 525, 5 S. E. 673: "From this review of the cases, taking into consideration the resolution of this court in this case on the former appeal, we think it may be seen that while no test of adequacy can be found which will apply to all cases, and while it is apparent that this court is averse to refusing a confirmation of a sale merely on the ground of adequacy of price, yet that it will always do so where the inadequacy is so gross that a confirmation of the sale will result in a sacrifice of the property. And we think it equally clear that it will ordinarily set aside the sale and open the biddings, at any time before confirmation, upon the offer of a substantial bid.

"These principles are decisive of the case; for, waiving all questions of the adequacy or inadequacy of the price bid, it is perfectly clear that the offer of so large an advance bid as thirty per cent. at the price for which the land sold, made a resale necessary in justice to Mrs. Powell and Mrs. Withers, whose legacies will otherwise be entirely lost to them."

[4-6] This case, however, has these distinctive features which indicate that the bid of the appellee is inadequate and far below the real value of the land: Before the property was offered for sale, the active commissioner made inquiry of well informed people as to the price which the land ought to bring, and he testified that from information received from Mr. McCutchan, surveyor of Augusta county, the 173 acre part thereof ought to bring from $35 to $40 per acre, and that according to one J. W. Miller, a large landowner living in the neighborhood of the property, it ought to bring $30 or better; and that McCutchan advised him that the

other 176 acres of the Greene property ought to bring from $25 to $30 per acre, and that Miller's view was that it ought to bring $20 per acre or better. These opinions of apparently disinterested persons, it is observed, were expressed, not for the purpose of defeating confirmation after the auction sale, as is frequent in such cases, but before the property had been offered. Therefore, greater weight should be attached to these opinions than should be accorded if they had been thereafter solicited by interested persons for the purpose of defeating confirmation.

The commissioners simply reported the bids without recommendation.

Then there is the additional circumstance that the upset bids made in this case amounted to an advance of fifty-eight per cent. over Hughson's bid. While doubtless true that the trial court could not properly accept this upset bid unconditionally, for the reasons indicated, it was nevertheless evidence of great potency indicating that to confirm the sale at the Hughson bid would be to sell the property for an inadequate price.

[7, 8] It was certainly very human and natural for the mother of these infants, both in her own interest and in theirs, to seek to defeat the confirmation of the sale at an inadequate price. She had the legal right to find, if possible, a *bona fide* purchaser of the property in which they were so vitally interested at an adequate price. If she had not been interested in the bid of Scott, it would have been the duty of the trial court to refuse confirmation of the sale to Hughson at $17 per acre in the face of a *bona fide* bid of $27 per acre from one entitled to make such offer. The only support for the Hughson bid outside of the fact that the sale was properly made is two affidavits, one made by J. S. Collins and the other by W. J. Campbell, to the effect that they thought that the

bid of Hughson was a fair and adequate price, that much
of the land is pine land, none of it is very rich, and they
thought the price all that the land is worth.    It also ap-
pears, however, from the evidence of another witness
who is counsel for the appellants, that Campbell, one of
these affiants, said that he (Campbell) regretted that he
had not advanced the bids at the sale, as the property
was worth considerably more than $17 per acre.

[9] The ancient rule that property should not be sold
at judicial sales for grossly inadequate prices is still ef-
fective.    The weight of the evidence in this case, in our
view, sufficiently indicates that the price of $17 per acre
is so inadequate as that to confirm the sale at that price
would be needlessly to sacrifice the property, and while
the legal rights of these infant appellants do not exceed
the rights of adults in such cases, their interests are al-
ways the peculiar care of courts of equity.    Neither the
property of infants nor adults should be sold at judicial
sales for grossly inadequate prices, if it can be fairly
avoided.

We, therefore, differ with the learned trial judge and
are of the opinion that because of the distinctive facts of
this case the decree confirming the sale to Hughson is
erroneous, and that the property should be again offered
for sale, upon the usual terms and conditions, for the pro-
tection of the rights of all of the parties interested.

*Reversed.*