# Richmond.

## J. S. HAMILTON v. F. E. BOWMAN, ET ALS.

### April 10, 1924.

1. JUDICIAL SALES—*Master's Report—Fixing Fee Simple Value of Land.*— It has been said that a master's report confirmed without exception, showing the value of the land subject to sale, "fixes the feesimple value of the land as between the parties to the suit." While this statement may be subject to some qualification and dependent upon other facts shown in the particular case, certain it is that such an unbiased estimate of value, made before the precise controversy arises under an upset bid, is most potent to show that a subsequent auction sale at a greater price is not grossly inadequate.

2. JUDICIAL SALES—*Confirmation—Upset Bid—Fair or Inadequate Price— Burden of Proof.*—If an auction sale has been fairly conducted, after proper advertisement, and the property brings a fair price, the sale should generally be confirmed to the highest bidder, notwithstanding a belated upset bid of ten per cent advance thereon, thereafter submitted. If, however, the original bid is grossly inadequate, and this is shown, the sale should not be confirmed. Of course, the burden of showing such gross inadequacy is upon those who allege it.

3. JUDICIAL SALES—*Confirmation—Bidders to be Encouraged.*—Great care should be observed that the practice of the court in acting upon a report of sale should not be such as to deter or discourage bidders, but such as to induce possible purchasers to attend such sales, to encourage fair, open and competitive bidding in order that the highest possible price be obtained, and to inspire confidence in the stability of judicial sales.

4. JUDICIAL SALES—*Confirmation Notwithstanding Upset Bid—Case at Bar.*— In the instant case, an appeal from a decree refusing to confirm a judicial sale, to support the decree there was an upset bid of ten per cent, and the opinions of three of the sale commissioners that the price was inadequate, and of one affiant that it was grossly inadequate. On the other hand, there was the fact that at a fair auction no one offered more, and the affidavits of nine persons that the price was fair and adequate. The master's report, confirmed without exception before the decree of sale, found that the fee simple value of the land was less than the appellant's bid.

   *Held:* That the price at which the property was cried off to the appellant was not shown to be grossly inadequate, and that the sale should be confirmed.

Appeal by the successful bidder from a decree of the Circuit Court of Fauquier county, refusing to confirm a judicial sale.

*Reversed.*

The opinion states the case.

*R. A. McIntyre,* for the appellant.

*Grimsley & Miller* and *A. O. Weedon,* for the appellees.

PRENTIS, J., delivered the opinion of the court.

The appellant was the highest bidder for a farm called "Kinloch," offered at public auction pursuant to a decree in a creditors' suit, and the property was cried off to him at $15,300.00. This was reported to the court May 22, 1922, without recommendation, and on the same day an upset bid by H. M. Bowen of ten per cent advance ($1,530.00) over the appellant's bid was presented. There was a hearing on affidavits and oral testimony, at which the lien creditors and the owner appeared and opposed the confirmation of the sale to the appellant. Thereupon the court refused to confirm it, directed a resale of the land at public auction to begin with the upset bid of $16,830.00; and from that decree this appeal has been allowed.

Four commissioners were appointed to make the sale, and while only one of them gave the required bond, advertised and conducted the sale, the other three were at the sale co-operating with him. For some time the appellant (represented by his father) was the only bidder, and his bid was only $11,000.00. The acting commissioner and the other three then had a confer-

ence "and decided that the court would not consider, in their judgment, the confirmation of the sale of the property at less than $15,000.00, and were in grave doubt as to whether a sale would be confirmed at that figure, but determined to bid as much as $15,000.00 for the property and if the court thought proper, without any recommendations from them, that they could take the property at such price, they would accept it and comply with the terms of sale, but with the understanding between themselves (that is, between the commissioners) that if any creditor wanted the property, such creditor could have it at the price it was cried off to them, provided of course that such creditor complied with the terms of sale." The acting commissioner then went to the bidder and told him what the commissioners had decided to do, "but stated to him that they did not want the property, but were bidding to protect the creditors and keep the property from being sacrificed." There followed competitive bidding between them, and the property was finally cried off to the appellant for $15,300.00, and a memorandum of the sale was signed; all of which was reported to the court.

The right of the appellant to have this sale to him confirmed at $15,300.00 is the sole question presented.

To support the decree we have only the upset bid, the opinions of this last bidder and of three of the sale commissioners that the price offered by the appellant is inadequate, and of one affiant that it is grossly inadequate. On the other hand, to support the confirmation of the sale to the appellant, we have the fact that at a fair auction no one offered more, and the affidavits of nine persons familiar with the land and with local farm values that $15,300.00 is a fair and adequate price. There is still another significant fact in support of this view: The master's report, based upon testimony

which supports his finding, shows that the fee simple value of the land was estimated to be $15,000.00, which is $300.00 less than the appellant's bid. This report was confirmed without exception before the decree for sale was entered.

[1] In *Curtis* v. *Thompson*, 29 Gratt. (70 Va.) 479, referring to such a master's report, it is said that it would seem that this "fixes the fee simple value of the land as between the parties to the suit." While this statement may be subject to some qualification and dependent upon other facts shown in the particular case, certain it is that such an unbiased estimate of value made before the precise controversy arises under an upset bid, is most potent to show that a subsequent auction sale at a greater price is not grossly inadequate.

In *Howell* v. *Morien*, 109 Va. 201, 63 S. E. 1073, there was an upset bid of ten per cent by a responsible bidder who had not been present at the sale (and that is true of the new bidder here), which was rejected and the sale confirmed.

[2] If the auction sale has been fairly conducted, after proper advertisement and the property brings a fair price, the sale should generally be confirmed to the highest bidder, notwithstanding the belated upset bid of ten per cent advance thereon, thereafter submitted. If, however, the original bid is grossly inadequate, and this is shown, the sale should not be confirmed. Of course, the burden of showing such gross inadequacy is upon those who allege it. *Effinger* v. *Rolston*, 21 Gratt. (62 Va.) 436; *Benet* v. *Ford*, 113 Va. 442, 74 S. E. 394.

The general rules applicable in such cases and the reasons therefor have been frequently stated.

For examples, in *Moore* v. *Triplett*, 96 Va. 612, 32 S. E. 50, 70 Am. St. Rep. 882, this is said: "Judicial

sales are constantly taking place, and it must continue to be so long as there are debts to be collected, and liens to be enforced.    Great care should be observed that the practice of the court in acting upon a report of sale should not be such as to deter or discourage bidders, but such as to induce possible purchasers to attend such sales, to encourage fair, open and competitive bidding in order that the highest possible price be obtained, and to inspire confidence in the ability of the judicial sales."

And this in *Howell* v. *Morien*, 109 Va. 202, 63 S. E. 1074: "To set aside a judicial sale upon the facts and circumstances disclosed by this record would establish a practice which would be hurtful rather than helpful in securing the best price for property sold at judicial sales, and instead of inspiring confidence in the stability of such sales, in order to induce possible purchasers to attend and bid, would deter and discourage them and establish a precedent which would make them feel that judicial sales are not to be seriously taken."

[4] The price at which the property was cried off to the appellant is not shown to be grossly inadequate, and the case is controlled by the principles so frequently stated as to require no repetition.    *Watkins* v. *Jones,* 107 Va. 6, 57 S. E. 608; *Litton* v. *Flanary,* 116 Va. 710, 82 S. E. 692; *Lillard* v. *Graves,* 123 Va. 193, 96 S. E. 169; *Schultz* v. *Hughson,* 134 Va. 497, 114 S. E. 591.

For the reasons indicated, the decree will be reversed; and it appearing that J. S. Hamilton, the appellant, has complied with the advertised terms of sale, it will be confirmed here, and the cause will be remanded for such further proceedings as may be proper.

*Reversed.*