## Richmond.

O. K. WAREHOUSE v. W. R. WEST AND OTHERS.

October 30, 1928.

Holt, J., having taken his seat on the Supreme Court of Appeals did not sit in this case.

The opinion states the case.

*N. S. Turnbull, Jr.,* for the appellants.

*George E. Allen,* for the appellees.

CHRISTIAN, J., delivered the opinion of the court.

This is an appeal by A. B. Shackleton, D. B. Gee and J. T. Inge, partners, trading as O. K. Warehouse, from a decree of the Circuit Court of the county of Halifax, in the chancery cause of *W. R. West and others* v. *Bright Leaf Warehousing Corporation*, entered on the 2nd day of April, 1927; which decree refused to confirm the sale of Farmer's Warehouse, located at Kenbridge, Virginia, to the petitioners at their bid of $7,300.00, the highest bid made at the auction sale conducted by the receivers, because the court was of opinion that the price was grossly inadequate.

▪ The question of confirmation of judicial sales has been frequently presented to the Virginia courts; and the law on this subject is well settled. There is a distinction made in the cases between the bidder's rights after and before confirmation of the sale.

▪ In *Berlin* v. *Melhorn*, 75 Va. 639, the law is stated as follows:

"We think it may be safely laid down, as a general rule deducible from the authorities, that after a judicial sale has been absolutely confirmed by the court which ordered it, it will not be set aside except for fraud, mistake, surprise, or other cause for which equity would give like relief, if the sale had been made by the parties in interest, instead of by the court. But where the objection is to the confirmation, the rule is more liberal."

▪ "The principles applicable to such cases have been affirmed by several recent decisions of this court. In the opinion of the court by Judge Staples, in *Brock* v. *Rice and others*, 27 Gratt. [68 Va.] 812, it is said that a decree is a judgment of the court which determines the rights of the parties. Such a decree pos-

sesses the same force and effect of any other adjudication by a court of competent jurisdiction. But before confirmation the whole proceeding is *in fieri*, and under the control of the court, until then, the accepted bidder is not regarded as a purchaser. His contract is incomplete and he acquires no independent right to have it perfected. * * * * Whether the court will confirm the sale must, in a great measure, depend upon the circumstances of each particular case. It is difficult to lay down any rule applicable to all cases, nor is it possible to specify all the grounds which will justify the court in withholding its approval * * * * * *.

■ "The court, however, in acting upon a report of sale, does not exercise an arbitrary, but a sound legal, discretion, in view of all the circumstances. It is exercised in the interest of fairness, prudence and with a just regard to the rights of all concerned."

■ Examination of the decided cases will reveal that gross inadequacy of price is practically the chief, certainly the most frequent, ground which will justify the court in refusing to confirm the sale of the real estate made by its receiver or commissioner. *Shultz* v. *Hughson*, 134 Va. 497, 114 S. E. 591; *Walker* v. *Smith*, 144 Va. 824, 130 S. E. 768.

The sole question presented to this court is, whether the court erred in holding that the bid of $7,300.00 was so grossly inadequate that the sale should not under all the circumstances of the case be confirmed. The appellants tendered eight affidavits to the effect that the price was adequate; that it was the result of a competitive bidding—at a well advertised and well attended sale by persons amply able to purchase same if they desired to do so. It appears also in the evidence that the tobacco business was in a depressed condition and warehouse property was not in demand at

that time; that the Tobacco Growers' Cooperative Association, of which the warehouse corporation was a part, had failed. It was contended that the highest bid at a fairly conducted public sale was conclusive evidence of the market value of the property.

On the other hand, the receivers recommended that the sale be not confirmed. In support of their action they introduced at least twenty affidavits or depositions of persons well acquainted with the value of real estate in Kenbridge, who fixed the value of the warehouse at from ten to eighteen thousand dollars. It was further shown that the building had cost about $22,500.00, and that the "co-ops" had paid for it a few years before $30,000.00; that it had recently rented for $1,500.00 per annum, and could be rented at the time of the decree for $1,250.00 per annum. It is true that a number of the persons who gave evidence of its value were present at the sale and were able to purchase same if they had desired to invest in such property, but this does not establish necessarily its fair cash value.

The appellants were bidders, who made a mere offer of purchase to the court through the medium of its agents, the receivers, which the court in the exercise of a sound judicial discretion, and having regard to the interest of the parties, and the fairness and stability of judicial sales, may accept or reject as the circumstances of the particular case may seem to demand. *Coles' Heirs* v. *Coles' Ex'r*, 83 Va. 525, 5 S. E. 673. The fairness and stability of judicial sales does not demand that the interests of the owner and his creditors shall be sacrificed because no one will offer a fairly adequate price for the property at that time.

The learned chancellor knew the conditions of tobacco and warehouse business; the effect of the failure

of the "co-ops" to establish a marketing monoply of tobacco, and its effect upon the demand for warehouse property, and from the evidence in the case, we are of opinion that he was plainly right in refusing to confirm this sale, and the decree of the Circuit Court of Halifax county is affirmed.

*Decree affirmed.*