# Richmond.

## First National Bank of Lexington v. F. A. Wright, et als.

November 14, 1929.

430

The opinion states the case.

*Frank Moore* and *J. M. Perry*, for the appellant.

*Hugh A. White*, for the appellees.

CAMPBELL, J., delivered the opinion of the court.

This appeal involves the action of the circuit court in receiving an upset bid filed by F. A. Wright, for lands sold at a judicial sale, and rejecting the bid of appellant, who was the highest bidder at the sale conducted by the commissioners acting under the decree of the court.

R. L. Childress filed his bill against Harry P. Straub and his wife, Mary C. Straub, to enforce a mechanic's lien of complainant securing the sum of $753.88 for repairs to a tenant house. It appearing to the court that Straub was considerably involved financially, the court, by decree dated November 7, 1927, referred the cause to a master commissioner to report an account of liens and whether or not the rents and profits would discharge same in five years. Acting under this decree, the commissioner filed his report showing the liens as follows:

"1. W. H. Marple............... $6,147.00
"2. Childress (mechanic's lien)....... 653.88
"3. Taylor & Co. (judgment)........ 120.49
"4. Peoples Nat. Bank of Lexington.. 5,430.97
"5. Rockbridge Nat. Bank of Lexington...................... 447.35
"6. First Nat. Bank of Lexington..... 2,000.00

$14,799.69"

The commissioner also reported that the rents and profits would not be sufficient in five years to discharge

the lien indebtedness. No exceptions were filed to the report and a decree of sale was entered on February 7, 1928.

Acting pursuant to the decree of sale, the commissioners appointed sold the lands of Straub and wife at public auction, after due advertisement. Appellant being the highest bidder at the sale, the property was sold to it for the sum of $7,500.00. In reporting the sale to the court, the commissioners stated:

"That the said sale was regularly and fairly conducted and adequate notice was given as required by law, and they respectively represent that the price paid for said property was a fair one, and they, therefore, recommend that the sale be confirmed."

On May 17, 1928, F. A. Wright filed an upset bid in the sum of $8,625.00, and later increased his bid to the amount of $9,750.00. With the petition Wright filed an affidavit stating that he was not present and had no knowledge of the sale, and that, in his opinion, the sum of $7,500.00 was an inadequate price for the property. Appellant appeared by counsel and objected to the reception of Wright's upset bid. The court overruled the objection, accepted the upset bid of Wright, and, without further advertisement, opened the bidding at the price of $9,750. The property was finally sold to Wright at the price of $10,500.00.

While appearing as a witness in support of his upset bid Wright was asked by counsel for appellant if any of the lien creditors were aiding him in financing his purchase of the property. Upon objection by counsel representing Wright and the Peoples National Bank of Lexington, the court refused to permit this enquiry to be made. To this action of the court counsel for appellant excepted. The right of the appellant to have confirmed the sale to it is the first question to be considered.

To support the contention of appellant that the land first sold for a fair and adequate price, we have the report of the sale commissioners recommending confirmation of same, the action of the court in only requiring a sale bond of $10,000.00, the failure of the debtor or lien creditors to offer objections to the confirmation of sale to appellant, and the affidavits of W. H. Marple (a lien creditor and former owner of the property), I. R. Alphin (a farmer living a short distance from the land and well acquainted with it), C. E. Harper (a dealer in agricultural machinery, also acquainted with the land), W. A. Kinner (a real estate dealer), and O. W. Page, who had been living in the vicinity of the land for fourteen years.

To support the decree complained of, we have only the upset bid and the affidavit of Wright that "he believes the property did not bring what it is reasonably worth, or a fair and reasonable price, as he has been advised it was sold for the sum of $7,500.00."

This court has so often adverted to the rule governing judicial sales that we deem it unnecessary to attempt an amplification of the rule, but will content ourselves with adhering to the general doctrine which has, by our decisions, become the settled law in this jurisdiction.

In *Brock* v. *Rice, etc.,* 27 Gratt. (68 Va.) 812, Judge Staples said: "Whether the court will confirm the sale must, in a great measure, depend upon the circumstances of each particular case. It is difficult to lay down any rule applicable to all cases; nor is it possible to specify all the grounds which will justify the court in withholding its approval. * * *.

"The court, however, in acting upon a report of sale, does not exercise an arbitrary, but a sound legal discretion, in view of all the circumstances. It is to be

exercised in the interest of fairness, prudence and with a just regard to the rights of all concerned."

In *Roudabush* v. *Miller*, 32 Gratt. (73 Va.) 465, Judge Anderson quotes with approval the above language and then adds: "That is not done when no respect is had to the rights and interests of the purchaser. That is not the case when the court seeks to extort every dollar it can get from the purchaser; and refuses to confirm a sale fairly made, because he has gotten a good bargain."

In this case the uncontradicted evidence shows that the land of Straub sold for a fair and adequate price, at a sale conducted in all fairness. An examination of the report of liens, *supra*, discloses that the only lien creditor financially interested in the upset bid is the Peoples National Bank. In this connection we deem it proper to state that we are unable to perceive the reason for the refusal of the court to permit Wright to answer the question propounded to him. If Wright was merely an upset bidder for a creditor who was precluded from putting in an upset bid, this fact was conclusive against his bid. On the other hand, innocent creditors should be absolved from the imputation of bad faith. While ordinarily an increase in the purchase price inures to the benefit of the debtor, here it is shown that the debtor is hopelessly insolvent and no real benefit can be derived by him. The fact that the land at a resale brought a substantial sum in excess of the sum realized at the first sale is not conclusive of the question that the land in the first instance sold for an inadequate price. The burden of showing that the original bid is grossly inadequate is upon those who allege it. *Hamilton* v. *Bowman*, 138 Va. 446, 122 S. E. 342. This burden appellees have failed to carry. Their sole reliance is upon the upset bid. That we have not

adopted the English practice of opening the biddings merely upon the offer of a reasonable advance over the original bid is settled by the case of *Roudabush* v. *Miller, supra.*

Our conclusion is that the case at bar is ruled by the case of *Hamilton* v. *Bowman*, 138 Va. 443, 122 S. E. 342. In that case Chief Justice Prentis quotes with approval from *Howell* v. *Morien*, 109 Va. 202, 63 S. E. 1073, 1074, as follows: "To set aside a judicial sale upon the facts and circumstances disclosed by this record would establish a practice which would be hurtful rather than helpful in securing the best price for property sold at a judicial sale, and instead of inspiring confidence in the stability of such sales, in order to induce possible purchasers to attend and bid, would deter and discourage them and establish a precedent which would make them feel that judicial sales are not to be seriously taken."

Appellees assign as cross-error the failure of the court to sustain their exception to the report of liens, alleging that the exact rights of the mechanic's lienor have not been definitely determined. In the report of liens it is stated that the mechanic's lien debt as of January 14, 1928, amounts to the principal sum of $653.88. It is further stated that the lienor would have a first lien to the extent that the work done and materials furnished added to and increased the value of the property; that the deed of trust creditor is entitled to priority of satisfaction to the extent of the estimated value of the property without the improvements for which the lien is claimed, the value to be estimated as of the date of sale. To that report no exception was filed by the deed of trust creditors. Not until the filing of the report of sale was the exception filed.

It is apparent that the failure of the commissioner to state definitely the "rights of the mechanic's lienor" could not have had any influence upon a prospective bidder at the sale. Had the attention of the court been called to the omission of the commissioner, the court could have corrected same by a mere computation of values. It was the duty of the creditor who felt aggrieved to file his exception to the report of liens and not await the outcome of the sale of the property. The exception comes too late and the assignment of error, therefore, is without merit.

For the reasons stated, the decree complained of will be reversed and the cause will be remanded, with direction to the trial court to accept the bid of appellant, and for such further proceedings as may be proper.

*Reversed and remanded.*