W. C. Mitchell, Jr. v. C. R. Carwile, et als.

# Richmond

January 14, 1937.

Present, All the Justices.

The opinion states the case.

*W. H. Overbey*, for the appellant.

*L. R. Thompson* and *L. Bradford Waters*, for the appellees.

HUDGINS, J., delivered the opinion of the court.

The only question raised by this appeal, is whether or not the evidence is sufficient to sustain the decree of the learned chancellor rejecting the highest bid made at a judicial sale of real estate.

The authorities, including the early and modern views of the courts of England, and the opinions in many American and Virginia cases, were discussed at length by Mr. Justice Holt in *Dunn* v. *Silk*, 155 Va. 504, 517, 155 S. E. 694, 698, 71 A. L. R. 667. Further discussion of the principles involved would be merely repetition of what is there said. The final conclusion of this court, as stated in that opinion, is: "When inadequacy of price is alone relied upon to support an upset bid, where the sale was fairly held, it should not be received unless it affirmatively appears from the evidence that the inadequacy was gross. As Mr. Justice Brewer observed, in the *Ballentyne Case* [205 U. S. 285, 27 S. Ct. 527, 51 L. Ed. 803], it is difficult to formulate any more definite rule than this, and each case must in a large measure turn upon its own peculiar facts."

While no pleadings filed in the lower court are copied in the record before us, it is stated in the petition that one W. E. Mason, the owner of a one-half undivided interest in a tract of land containing some 326 acres, filed his bill in this cause against 50 or more persons, the owners of the other one-half undivided interest, for the purpose of having a partition of the land in one of the modes provided by statute. The petition

further stated that an account of liens was taken, reported, and confirmed, and that by decree duly entered in the cause, S. J. Thompson was appointed a special commissioner to make sale of the land at public auction. The commissioner, after giving the bond required, advertised the time, terms and place of sale by hand bills and by advertising in the "Union Star," a local newspaper. In these advertisements it was stated that there was about 150,000 feet of standing timber on the property.

At the sale, the land was cried out to W. E. Mitchell, Jr., for the sum of $1,585. A few days thereafter Burruss Land & Lumber Company wrote the special commissioner offering $1,835 for the land, and enclosing a certified check for $250 to guarantee their good faith in making the offer. The special commissioner filed his report of the sale, and the fact that the Burruss Land & Lumber Company had offered an advance bid, and recommended that the bid of W. E. Mitchell, Jr., for $1,585 be rejected, and that the property be readvertised and again offered for sale.

Before the hearing on this report the Burruss Land & Lumber Company wrote another letter to the commissioner raising its bid to $2,000, and offering to deposit any additional cash required by him, or the court, to guarantee their good faith. This letter was filed with the papers in the cause. W. E. Mitchell, Jr., seems to have made no exceptions to the commissioner's report, which was adverse to him, nor did the Burruss Land & Lumber Company file a formal petition setting forth its upset bid. However, the contention of the parties seems to have been presented to the court, without objection, on the commissioner's report, the letters addressed to the commissioner, affidavits and evidence taken *ore tenus* before the court.

From this evidence it appears that the land was sold in 1925 for $3,500; that the assessed value for purposes of taxation was $2,400, and that instead of there being about 150,000 feet of standing timber on the land, as stated by the special commissioner in the advertisement of sale, there were 350,000 feet or more. The stumpage value of this timber was not

less than $3 per 1,000 feet. The court, in its decree, stated: "That the said S. J. Thompson, special commissioner, erroneously advertised the land * * * as having only 150,000 feet of timber on it, when in reality it had 350,000 feet on it," and "that the sum of $1,585 is not an adequate price for the property being sold."

It is important that public biddings, at judicial sales, should be encouraged and not chilled, but it is no less important that public sales of property, by orders of court, should be open, fair and regular, so that it will bring the highest price that can be reasonably obtained. Inadequacy of price alone, unless it is clearly established to be gross, is not sufficient for the court to withhold confirmation; but when an officer of the court, such as the special commissioner was in this case, makes a material misrepresentation of fact which is likely to affect the bidding, and the misstatement of fact, and the fact that the property brought much less than its market value, are made known to the court before confirmation, the court should not confirm the sale.

The chancellor was clearly right in refusing confirmation, and ordering a resale with the bidding to start at the sum of $2,000, the amount offered by the Burruss Land & Lumber Company.

*Affirmed.*