# Richmond

MARGARET BELL CHANDLER v. JOHN W. CHANDLER'S ADM'RS,
RUTH W. DOUGHTY, ET ALS.

November 20, 1939.

Record No. 2107.

Present, All the Justices.

*Jeff F. Walter* and *Robert T. Gladstone, Jr.*, for the appellant.

No appearance for the appellees.

HUDGINS, J., delivered the opinion of the court.

This suit was instituted to subject the real estate of which John W. Chandler died seized and possessed to the payment of debts due by the estate. In due course special commissioners were appointed to sell the nine separate tracts or parcels of land described in the bill and proceedings. Three of the parcels of land were cried out to Margaret Bell Chandler. The commissioners, in their report, stated "that the sale of the property at Exmore was very largely attended and bidding was very active. * * * that the sales of all property were fairly conducted and that the auctioneer gave ample opportunity to any and all persons to make bids on the property offered." The commissioners further reported that, subsequent to the date of the sale, one Ruth Doughty had offered $4000 for the residence which had been cried out to Mrs. Chandler at $3050. These facts were stated in the reports without recommendation. The trial court rejected Mrs. Chandler's bid and ordered the residence to be re-offered for sale, the bidding to begin at $4000, the amount of the upset bid filed by Ruth Doughty. From that decree this appeal was allowed.

The question, whether the trial court should affirm or reject the highest bid made at a judicial sale of real estate,

has been so fully discussed in the former opinions of this court that nothing further need be said on the subject. See *Keyser* v. *Federal Land Bank,* 169 Va. 368, 193 S. E. 489; *Dunn* v. *Silk,* 155 Va. 504, 155 S. E. 694, 71 A. L. R. 667, and cases cited. And see *Mitchell* v. *Carwile,* 167 Va. 276, 189 S. E. 168; and *O. K. Warehouse* v. *West,* 151 Va. 809, 145 S. E. 253.

■ The general rule controlling the decisions in the cases cited is that, where the judicial sale is duly advertised and fairly conducted, an upset bid will not be received on the sole ground of inadequacy of price, unless it is clearly established by evidence that the price offered at the sale is grossly inadequate.

It appears that in 1935 the nine parcels of land owned by the estate of John W. Chandler were appraised by disinterested parties at the request of creditors, and that, at the judicial sale held on July 2, 1938, the property as a whole brought only .4236 of the value fixed by the appraisers. It further appears that the vacant lot purchased by appellant was appraised at $500 and was cried out to her for $500. The house and lot adjoining the residence was appraised at $1500 and was cried out to appellant at $2375. The residence was appraised at $6000 and was cried out to appellant for $3050. The total purchase price of these three contiguous parcels of land was 74% of the appraised value, or approximately 32% more than the average bids offered for the other parcels, which bids, with two exceptions, were confirmed by the trial court in the same decree which rejected appellant's bid for the residence.

It is stated in the record that Mrs. Chandler made the highest bid on the other two parcels of real estate after the residence had been cried out to her, and that, relying upon the fact that she had bought the residence, she bid more for these two parcels than she would otherwise have done, as she wanted all three of the parcels or none. These were pertinent facts to be considered in this case, as the

proceeds from the sale of all the parcels of land were to be used for the benefit of the general creditors of the estate.

The upset bidder was a woman who lived immediately across the street from the place where the sale was held, and whose husband attended the sale.

This court, speaking through Judge Riely, in *Moore* v. *Triplett*, 96 Va. 603, 32 S. E. 50, 70 Am. St. Rep. 882, said: "It has been generally understood by the profession, and enforced by the courts, that one who was a bidder at the sale, by himself or by an agent, which is the same thing, or was present and had the opportunity to bid, would not, as a general rule, be permitted to put in an upset bid. He must bid at the sale in open competition with all others what he is willing to give for the property. A different rule would have a pernicious effect upon judicial sales of property." See *Watkins & Bros.* v. *Jones,* 107 Va. 6, 57 S. E. 608; and *Hardy* v. *Coley,* 114 Va. 570, 77 S. E. 458.

Under these circumstances it was error for the trial court to reject the highest bid made at the judicial sale. Therefore, the decree will be reversed and the case remanded, with direction to the trial court to enter an appropriate decree confirming the sale of the residence at $3050 to appellant.*

*Reversed and remanded.*

*The same decree of the trial court, but involving slightly different facts, was considered by this court in *C. J. Prettyman* v. *John W. Chandler's Adm'rs, et als.,* post, page 99, 5 S. E. (2d) 521, decided at this term of court.