# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## R. LEE PAGE V. COMMONWEALTH, WHO SUES, ETC.

November 25, 1940.

Record No. 2278.

Present, All the Justices.

The opinion states the case.

*F. E. Kellam* and *Richard B. Kellam,* for the appellant.

No appearance for the appellees.

BROWNING, J., delivered the opinion of the court.

R. Lee Page, the appellant in this case, was the purchaser at a judicial sale of an unimproved lot in the town of Virginia Beach, Virginia. The special commissioner appointed to make sale of the land was W. R. Ashburn, an attorney of Virginia Beach, who was counsel for the complainant, the Commonwealth of Virginia, which sued for the benefit of the town of Virginia Beach. The object of the chancery suit was to subject the land to the claim of the plaintiff for delinquent taxes for eleven years, including penalties and interest. The owner of the land, who was J. D. Moore, was also due the county of Princess Anne taxes for about the same number of years, which were delinquent. There were also two deeds of trust on the land which were unsatisfied. The trustee in the deeds of trust was Bertram S. Nusbaum. All parties who had any interest in the matter were impleaded and thus had constructive or actual notice of the proceedings.

The land was advertised for sale in accordance with the terms of the decree, which provided for hand bills to be posted as well as publication in the town newspaper. It

was offered by the commissioner at public auction and R. Lee Page became the purchaser at the price of $245.00. The sale was reported to the court and the commissioner recommended its confirmation. No one made any objection to this. The proceedings were regular in all respects. The court declined, *ex mero motu,* to confirm the sale. It stated that it was of the opinion that the bid price was inadequate and was a great deal less than the fair market value of the property, and it ordered the cash payment to be returned to the purchaser and directed the special commissioner to re-advertise the property for sale. The purchaser is here on appeal from that decree.

No evidence was taken in the case and there were no affidavits as to the price or any other circumstances connected with it.

██ It seems useless to prolong this opinion in view of the fact that this court has so repeatedly passed upon nearly every conceivable phase of judicial sales of land. The pith of these decisions is that where the sale has been sufficiently advertised, well attended and fairly conducted, it should not be set aside for inadequacy of price, unless it be so grossly inadequate as to suggest fraud or some irregularity affecting its fairness and good faith. The policy of the courts is to engender and maintain confidence in the stability of judicial sales. The assurance of this is necessary to encourage competitive bidding and buying.

█ In the case of *Benet* v. *Ford,* 113 Va. 442, 74 S. E. 394, 397, it was said:

" 'The highest bid made at an open judicial sale, fairly conducted, after full notice, in the face of such competition as can be attracted, is a fair and just criterion of the value of the property at that time. After-stated opinions, affidavits of under value, and the like, are regarded with little favor, and are entitled to little weight in comparison with the facts established by the auction and its results.' " *Nitro-Phosphate Syndicate* v. *Johnson,* 100 Va. 774, 42 S. E. 995; *Todd* v. *Gallego Mills,* 84 Va. 586, 5 S. E. 676; *Hogg's Eq. Pro.,* sections 403, 683; *Hazlewood* v. *Forrer,* 94 Va. 703,

27 S. E. 507; *Hamilton* v. *Bowman,* 138 Va. 443, 446, 122 S. E. 342; *Dunn* v. *Silk,* 155 Va. 504, 155 S. E. 694, 71 A. L. R. 667; 16 R. C. L. page 87.

In the case of *Hamilton* v. *Bowman, supra* [138 Va. 443, 122 S. E. 342], it was said: "The burden of showing that the original bid is grossly inadequate is upon those who allege it."

In the case in judgment, as we have seen, the only suggestion of inadequacy of price came from the court.

We think the learned chancellor was in error in refusing to confirm the sale.

The decree complained of is hereby annulled, and it is directed that one be entered confirming the sale and the case is remanded for that purpose and such further proceedings as the court may be advised.

*Reversed and remanded.*