# Richmond

## EDWARD M. T. ADDISON v. ARTHUR SAUNDERS' HEIRS, FRANK B. BELL, ET ALS.

January 19, 1942.

Record No. 2430.

Present, All the Justices.

The opinion states the case.

*Howard H. Adams*, for the appellant.

No appearance for the appellees.

BROWNING, J., delivered the opinion of the court.

A general creditors'.suit was instituted to subject the lands of Arthur Saunders to the payment of his lien indebtedness, amounting to some $15,600.00.

A decree was entered therein directing the sale of the land through a commissioner appointed for the purpose. Prior to this a decree of reference was executed in which the commissioner in chancery reported the fee simple value of the land as $9,000.00. This was based upon depositions before the commissioner and record enquiry made by him.

The tract of land contained 88 acres and is situated a short distance from the town of Eastville, in Northampton county, Virginia. Eastville has a population of about 300 inhabitants and is the county seat. The sale took place in front of the Eastville Inn after it had been extensively advertised by printed handbills and the county newspaper. It was offered first in lots or parcels when the highest aggregate sum bid was $7,605.00. It was then offered as a whole, when it was sold to the appellant at the sum of $7,640.00, he being the last and highest bidder.

It was agreed that the requirements of the decree directing the sale were strictly complied with. The commissioner reported the sale to the court without any recommendation.

He reported the fact that Mr. Frank B. Bell, one of the creditors, had filed with him a petition in opposition to the confirmation of the sale, and offering upon a resale to bid the sum of $8,640.00 as the first bid. The purchaser complied with the terms of sale and insisted, through his attorney, that the sale to him should be confirmed and the upset bid of Bell should be rejected. The only question for our consideration is whether or not the price bid by the appellant is grossly inadequate. That is the contention of Mr. Bell and it is the sole issue before us.

This court has so often had before it cases of this nature that this one presents no new or novel points.

The trial court refused to confirm the sale to the appellant because he thought the price grossly inadequate and directed the commissioner to readvertise the land and accept as the starting bid that of Mr. Bell.

Land sales through the medium of the courts are of frequent occurrence. That they should be regarded as dependable is of the utmost concern.

This court said in the case of *Dunn* v. *Silk*, 155 Va. 504, 155 S. E. 694, 71 A. L. R. 667:

"Public bidding should be encouraged and not chilled. Certainly it would not be fostered were it known that the successful bidder would take nothing but the right to bid again at another sale. One will not trouble himself to buy unless assured that his purchase, fairly made, will stand. He is entitled to some consideration for he cannot bid and walk away. When property has been knocked off to him, he must abide by his offer, which may be enforced in proper proceedings." *Robertson* v. *Smith*, 94 Va. 250, 26 S. E. 579, 64 Am. St. Rep. 723, and cases cited.

In the case of *Keyser* v. *Federal Land Bank of Baltimore*, 169 Va. 368, 193 S. E. 489, it was said:

"There has been no suggestion in the case at bar that any fraud, mistake, or unfair dealing has taken place with reference to the sale. The sole objection to confirmation is that the bid of the appellant is so grossly inadequate that it

shocks the conscience of the court. Where the sale is tainted with fraud, mistake, or misconduct and has worked an injustice to the party complaining, the controlling rule in determining whether the sale should be set aside is different from the rules to be applied where none of these elements exist, and the sole reliance for objection to confirmation is inadequacy of price, as is the case here.

"In the present case, the sale was well advertised, and well attended, the bidding spirited, and the upset bidder knew of the time and place of sale and had an opportunity to be present. The sale was conducted fairly and was free from any semblance of fraud, mistake or misconduct. Under these facts, we think the trial court should have confirmed the sale to the appellant."

See also *Benet* v. *Ford*, 113 Va. 442, 74 S. E. 394; *Chandler* v. *Chandler's Adm'rs*, 174 Va. 95, 5 S. E. (2d) 523; *First Nat. Bank of Lexington* v. *Wright*, 153 Va. 429, 150 S. E. 255.

The petition of the upset bidder is barren of any valid reasons why the sale should not have been confirmed. His attack upon it is that the price is grossly inadequate. He submits the vague statement that prospective buyers were confused and discouraged from buying on account of the manner in which the property was offered. We are afforded no proof of this—just the bare statement of the petitioner. He is one of the largest creditors and, of course, should have been alert to care for his interests. The evidence fails to convince us that there is merit in his contention. He has not borne the burden which the law places upon him.

The decree of the trial court is erroneous. We reverse it and direct that the sale to the appellant be confirmed, and for the entry of the appropriate decree and such other proceedings as the trial court may be advised, we remand the case to it.

*Reversed and remanded.*