## CIRCUIT COURT OF BATH COUNTY

Long

v.

Rucker et al.

September 19, 1978

By JUDGE ROSCOE B. STEPHENSON, JR.

After considering the evidence, arguments and authorities, I am of opinion that I should confirm the sale of the subject property to John B. Kershner, Jr., for the sum of $8,000.00.

Taken as a whole, I find that the sale was sufficiently advertised. The number in attendance at the sale was sufficient to provide spirited and competitive bidding. The price is adequate.

Where inadequacy of price is the ground for withholding confirmation, its proof must be by clear evidence. *Lillard* v. *Graves*, 123 Va. 193 (1918). The inadequacy of price must be so great as to shock the conscience of the court, and the burden of proving gross inadequacy is upon the one who alleges it. *Schweitzer* v. *Stroh*, 182 Va. 842, 30 S.E.2d 689 (1944). No such evidence was presented.

Following the confirmation hearing, the owners presented to the court an upset bid in the amount of $10,000.00. This upset bid was made by Roland R. Mesnier. Mr. Mesnier attended the judicial sale and was the next highest bidder at the sale.

It has been generally understood by the profession, and enforced by the courts, that one who was a bidder at the sale. . . or was present and had the opportunity to bid, would not, as a general rule, be permitted to put in an upset bid. He must bid at the sale in open competition with all others what he is willing to give for the property. A different rule would have a pernicious effect upon judicial sales of property. *Moore* v. *Triplett*, 96 Va. 603, 610.

Courts should exercise great care in acting upon a report of sale to maintain public confidence in the stability and fairness of judicial sales. Otherwise, the public will be discouraged from attending and bidding at such sales. *Moore* v. *Triplett*, 96 Va. 603, 612 (1899); *Page* v. *Commonwealth*, 176 Va. 351, 11 S.E.2d 621, 622 (1940).

After evidence and arguments were presented on the question of the adequacy of the price obtained at the sale and while decision thereon was being considered by the court, counsel for the parties moved the court to nonsuit the cause.

I am of opinion that the motion to nonsuit comes too late. The present cause is a suit to partition land. By the decree entered June 19, 1978, the court held that the land was not susceptible of being conveniently partitioned in kind and decreed that it be sold. Therefore, the primary object of the suit was adjudicated and accomplished at that time. All that remained were certain ministerial acts to be performed by the special commissioners under the supervision and control of the court. Once the sale had been conducted, the purchaser at the sale had a real interest in the matter and was entitled to a due process hearing on the issue of adequacy of price. He could not back away from his bid and his bid could not be defeated by the unilateral act of the parties. To permit the parties to take a nonsuit at this time would allow them to do indirectly what the court holds cannot be done directly. It would make a mockery of the courts and destroy public confidence in the courts and their sales.

Title 8.01 of the Code of Virginia, which took effect October 1, 1977, applies to all civil proceedings whether

470

at law or in equity. § 8.01-2. "A party shall not be allowed to suffer a nonsuit as to any cause of action or claim . . . unless he does so. . . before the action has been submitted to the court for decision." § 8.01-380.

In the present case, not only had the principal object of the suit been accomplished by the decree of sale, but the very issue now before the court (i.e., the adequacy of the price) had "been submitted to the court for decision" before the motion for a nonsuit was filed.

Therefore, the parties are not allowed to suffer a nonsuit as to this cause, and the sale to John B. Kershner, Jr., at the price of $8,000.00 is confirmed.