## CIRCUIT COURT OF ROANOKE COUNTY

Asphalt Ready Mix, Inc.

v.

Earnest R. Beckner, Jr.,
d/b/a Diamond Paving Co., et al.

June 9, 2006

Case No. CH05-369

BY JUDGE ROBERT P. DOHERTY, JR.

A judgment creditor filed a creditor's suit to sell its debtor's land in order to satisfy its judgment. The debtor and all lien holders were made parties defendant. The only responsive pleading was filed by the holder of the first deed of trust note. The real estate has a fair market value of $340,000.00. Real estate taxes are owed pro rata for the year 2006. The payoff on the first deed of trust is approximately $261,000.00. The Plaintiff's judgment lien is in excess of $35,000.00 and is subordinate only to the real estate taxes and the first deed of trust. The tax assessed value of the real estate is $232,500.00. The high bid at the auction was for $231,500.00. The special commissioners reported the auction results without recommendation. The Court took the decision to accept the high bid and confirm the sale under advisement. Thereafter, the high bidder at the auction increased his bid to $251,500.00.

The purpose of a creditor's suit is to sell the debtor's real property to satisfy some portion or all of the creditor's judgment. That purpose cannot be accomplished under the facts of this case. The high bid is grossly inadequate and is not even sufficient to pay the first deed of trust, much less any money towards the plaintiff's judgment. The ancient rule that property should not be sold at judicial sales for grossly inadequate prices is still in effect in Virginia. *Shultz v. Hughson*, 134 Va. 497, 500-02 (1922). Acceptance of the high bid does not accomplish the purpose of the suit and would only serve to grant a windfall

profit to the high bidder and to penalize the judgment debtor and the lien holders. The Court will not confirm the sale.

The plaintiff creditor has the option to end this suit at this time or to attempt a new auction and sale, again subject to Court approval.